Wiggins *vs.* Blount.

33   409
d124 212

MARGARET WIGGINS, plaintiff in error, *vs.* THOMAS H. BLOUNT, adm'r, etc., defendant in error.

1.  "After paying all my just debts, I do will unto my beloved wife, Celia Saxon, for her support, and all the rest of my family while they remain with her, during her natural life, all my estate, both real and personal, for their support, and if any of them leaves the family, by marriage or otherwise, then to enjoy no benefit from said estate during my wife's (Celia's) lifetime; and if my wife, Celia, should marry, or any of my children, then they are considered no part of my family, and shall not have any control over my estate during my wife's lifetime or widowhood. Martha Cox and her children shall be supported out of said estate as long as my wife shall live, if they remain with the rest of my family, and the property to remain together for the benefit and support of the rest of my family.

"I do hereby appoint my brother, John Saxon, executor and trustee of this my last will, to take into his hands the whole of my estate, both real and personal, which now is or may hereafter come into his hands, for to manage and control as he may think proper for the benefit and support of my family subject to his control, to manage according to his best judgment, to sell, convey, lease, or buy for said estate, with all the authority that I, myself, could do were I in life; and if my wife should marry, then for my executor and trustee to act and do as he may think best to distribute the above estate as equal as possible among my heirs, without having anything to do with the Court respecting said estate, whenever the youngest child may come of age, or at any time previous, that he may think necessary."

Elizabeth Saxon, one of the daughters of testator, married John S. Wiggins, and died without children, leaving her husband surviving her. John S. Wiggins then intermarried with Margaret, the complainant, and died, leaving no child: *Held*, 1. That Elizabeth Saxon took a vested interest to one equal share of her father's estate, William Saxon. 2. That the marital rights of John S. Wiggins attached to the same; and 3. That upon his death without child or children, or the representatives of child or children, that his widow was entitled to said property. 4. That if John S. Wiggins owed no debts, that Margaret Wiggins was entitled to recover said portion in the hands of the administrator *de bonis non* of William Saxon, deceased.

In Equity, in Burke Superior Court.   Decision by Judge HOLT, at November Term, 1861.

This bill was brought by Margaret Wiggins, widow of John S. Wiggins, against Thomas H. Blount, administrator *cum testamento annexo* of the estate of William Saxon, for an

account, and for her distributive share in said estate. The bill sets up that William Saxon died in Burke county, leaving the following will:

"After paying all my just debts, I do will unto my beloved wife, Celia Saxon, for her support, and all the rest of my family, while they remain with her during of her natural life, all of my estate, both real and personal, for their support, and if any of them leaves the family, by marriage or otherwise, then to enjoy no benefit from said estate during of my wife's (Celia) lifetime. And if my wife Celia should marry, or any of my children, then they are considered no part of the family, and shall not have any control over my estate during my wife's lifetime or widowhood. Martha Cox and her children shall be supported off of said estate so long as my wife may live, if so they remain with the rest of the family, and the property to remain together for the benefit and support of the rest of the family.

"I do hereby appoint my brother, John Saxon, executor and trustee to this my last will, to take into his hands the whole of my estate, both real and personal, which now is or may hereafter come into his hands, for to manage and control as he may think proper for the benefit and support of my family, subject to his control to manage according to his best judgment, to sell, convey, lease or buy for said estate, with all the authority that I myself could do if I was in life; and if my wife should marry, then for my executor and trustee to act and do as he may think best, to distribute the above estate as equal as possible among my heirs, without having anything to do with the Court respecting said estate, whenever the youngest child may come of age, or at any time previous that he may think necessary."

The will was regularly probated.

The bill further alleges, that the property went into the possession of Celia Saxon, under the management of the executor and was used for the support of her and the children who lived with her; that in the year 18—, Elizabeth Saxon, one of the daughters of testator married John S. Wiggins, of Burke county, and that subsequently said Elizabeth died,

leaving no child, her husband surviving her; that some time after the death of Elizabeth, said John S. Wiggins intermarried with complainant and afterwards himself died, leaving no child. Celia Saxon also departed this life after the death of Wiggins, and the defendant, Thomas H. Blount, was appointed administrator *de bonis non* with the will annexed of the estate of William Saxon.

Complainant insists, that by the terms of the will, Elizabeth Saxon, the first wife of John S. Wiggins, took a vested remainder in the property of the testator, and that upon her marriage said remainder vested in said John S., by virtue of his marital rights, and that in consequence of his subsequent marriage with complainant and his death without issue, the interest in remainder vested in her and she prays an account, and that defendant be decreed to pay over to her her share in the estate of the testator, William Saxon.

The answer of defendant admits the facts charged in the bill, and prays the instruction of the Court whether or not complainant is entitled to any share in the estate he represents.

The legal question made by the pleadings was left to the decision of Judge Holt, and he decided that there was no remainder created by the will, there being no particular estate to support it, and that the whole estate was conveyed to the trustee, whose trust was executory and will continue until the full purpose of the will be obtained. And being of the opinion that complainant has no interest in the estate of William Saxon, he dismissed the bill.

To this decision complainant excepts.

JONES and STURGES, for plaintiff in error.

ROGERS, *contra.*

*By the Court.*—LUMPKIN, C. J., delivering the opinion.

Is the complainant, Margaret Wiggins, entitled to recover of the defendant, Thomas H. Blount, as administrator *de bonis cum testamenta annexo* of William Saxon, deceased, the interest which belonged to his daughter, Elizabeth Saxon, in

the estate of her father, and what was that interest?   To the Court, it is a question free from doubt.

Elizabeth had a vested right to one equal share of said estate at the death of her father.   Upon her intermarriage with John S. Wiggins, he succeeded to said right; and Elizbeth dying without issue—leaving her husband surviving—the right became absolute in him.   John S. Wiggins subsequently intermarried with the complainant, and died intestate and without issue.   As his widow, Margaret Wiggins, inherited all of his property, including this interest in the estate of William Saxon, subject, of course, to the payment of her husband's debts, if he owed any; and it is to recover this portion that this bill is filed against the defendant.

It matters not whether a life estate was carved out of the corpus of William Saxon's estate or not.   The result is the same.   An executory devise needs no particular estate to support it.

If Celia Saxon, the widow of the testator, married again, in that event the executor was to distribute the estate as equal as possible among the testator's heirs, (the widow included, she being an heir,) whenever the youngest child became of age, or previously, if the executor should think it necessary.

By law, at the death of Celia Saxon—remaining single— the property was subject to equal distribution between the testator's heirs—the heirship, of course, to be determined not by the death of Celia Saxon, but of William Saxon.   So that in either contingency, to-wit: the marriage or death of Celia Saxon, the right of Elizabeth Saxon was vested and indefeasible and transmissible through her husband to the complainant.

If John S. Wiggins owed debts, there should be an administration on his estate; otherwise, it is unnecessary.

Let the judgment be reversed.