### WEST *et al. v.* WRIGHT.

An instrument attested as a deed and in all respects in the form of a deed should, though it contains the words, "This deed to take effect at my death," be treated, not as a will, but as a conveyance passing title in presenti with right of possession postponed till the death of the maker.

LITTLE, J., dissenting.

Submitted November 21, 1901.—Decided April 24, 1902.

Levy and claim.  Before Judge Brinson.  Greene superior court. March 13, 1901.

*George A. Merritt* and *Joseph P. Brown,* for plaintiffs in error. *James B. Park Jr.,* contra.

LUMPKIN, P. J.   This case turns upon the construction of an instrument of the nature indicated above.   The consideration expressed in the paper was "love and affection."   The question is, should the same be treated as testamentary or be given effect as a deed?   This court has often been embarrassed in passing upon similar questions arising upon the construction of instruments more or less like that now under consideration.   In *Wynn* v. *Wynn,* 112 *Ga.* 214, there is a large but not exhaustive list of Georgia cases in each of which it was necessary to decide whether a given instrument was testamentary in character or operative as a deed. This list includes many cases in which the instruments were held to be wills, and many in which they were declared to be deeds. An examination of these cases and of others of like nature with which this court has dealt will show that the numerous adjudications are not in complete harmony.   There has not been so much difficulty as to the rule for testing the character of the documents, but the principal trouble has arisen in applying it to the varying phraseology therein employed.   The original tendency was towards holding that papers indicating an intention to postpone enjoyment by the persons claiming to be grantees till after the death of the persons executing the papers should be classed as wills.   This tendency in time yielded to another, namely, that it was the sounder policy in a case of doubt to declare that the instrument was a deed and thus make it effectual, when holding it to be testamentary would, for want of the requisite number of witnesses, render it nugatory.   The true test, of course, is the intention of the maker,

which is to be gathered from the terms of the paper.    In *Moye* v. *Kittrell*, 29 *Ga.* 677, we find the first clear manifestation of the tendency last above noted, and the spirit of the decision then rendered has since been steadily regarded as controlling.    On page 680, Judge Lumpkin said: "The form of the instrument is that of a deed.    And the form is evidence of the intention of the maker." Why should even the most ignorant man adopt the form of a deed if he intended to make a will?    Almost any person, however illiterate or uninformed, would, if he desired to execute a real will, adopt for expressing his purpose language altogether unsuited for a present conveyance.    Where the form of a deed is actually employed, such phrases as, "after my death," "vest at my death," "take effect at my death," and the like, may well be construed as merely designed to postpone possession or enjoyment by the grantee till after the death of the grantor.    In *Dismuke* v. *Parrott*, 56 *Ga.* 513, Judge Bleckley laid great stress upon the idea that in a doubtful case an instrument in form a deed and which would be effectual as such should not be declared testamentary and thus made void. It is to be noted that no one of the previous cases is absolutely binding as authority, one way or the other, in the case now before us; for in no one of them was the instrument exactly like that now to be construed.    A careful examination of them all constrains a majority of us to adhere to the modern tendency of dealing with papers of this character; and as a result, we hold that the trial judge erred in not treating the paper in question as a deed passing a present estate with possession postponed till after the death of the maker.

*Judgment reversed.    All the Justices concurring, except Lewis, J., absent, and Little, J., dissenting.*

LITTLE, J., dissenting.    The instrument which is submitted for our consideration is in the following form:    "Georgia, Greene County.    This indenture, made this 20th day of October, eighteen hundred and ninety, between Jane West, of the said State and county, of the first part, and Olly, Lovey, Julia, Janie, and Mollie West, of said State and county, of the other part, witnesseth, that the said Jane West, for and in consideration of the natural love and affection she has for her daughters, said Olly, Lovey, Julia, Janie, and Mollie West, said Jane West hereby gives, grants, and conveys to the said Olly, Lovey, Julia, Janie, and Mollie West, their heirs and assigns, all that tract or parcel of land, No. 3, the tract on

which I now live, and joining lands Trout, Jas. L. Brown, and others.; also the tract recently purchased from W. G. Durham, which is bounded by Trout place, Jas. L. Brown, Sandford road, and my home tract, both tracts containing seventeen and one half acres, more or less, together with all the rights and privileges thereto belonging, forever in fee simple. This deed to take effect at my death. In witness whereof the said Jane West has hereunto set her hand and seal the day and year above written.'          her

                          [Signed] Jane x West.    (L. S.)

                               mark

  "Signed, sealed, and delivered in presence of

            S. H. Dillard.    Jesse P. Wilson, Clerk Sup. Court."

  Endorsed: "Georgia, Greene County.    Clerk's office Superior Court.    Left for record Oct. 28, – 90, at 11 A. M., and recorded in book 2, page 442.    This Oct. 29th, 1890.

                      [Signed] Jesse P. Wilson, Clerk."

On the trial the admission of this instrument in evidence was objected to on the ground that it was testamentary in character and did not operate to pass title in presenti; and the only question which is presented to this court is whether this instrument is testamentary in character, or did it at the time of its execution have the effect of conveying a present estate? If, under the rules of law applicable, the instrument is to be construed as testamentary in character, the judge below was right in his ruling; if it is to be construed as conveying a present interest, he was wrong.

It is declared by the Civil Code, § 3601, that a future interest or estate may be conveyed by deed, but the deed must operate to transfer the title immediately, or the instrument will be testamentary and revocable. The rule by which we must be governed in ascertaining whether the paper before us is testamentary or not is set out in the Civil Code, § 3254, where the test is said to be the intention of the maker, from the whole instrument read in the light of the surrounding circumstances. So far as it appears from the record in this case, the circumstances at the time of the execution of this instrument were, that the maker was possessed of certain land which she desired her daughters to have. There is nothing in these circumstances which indicates an intention of conveying a present interest in the land. If that intention is manifested at all, it must appear from the words of the instrument independently of

the circumstances. Therefore we start out with the assurance that the maker of the instrument desired to give the land to her daughters; but when the gift should take effect must be ascertained from the words of the instrument taken altogether. Again, we are not to presume that the grantor used words the meaning of which she did not understand, but we are to presume that her intention was expressed by the words she used. The instrument is in the form of a deed and attested as such, and I am well aware that the form of an instrument will be looked to as one of the indicia of intention; but it can not be that the form of the instrument is conclusive of the intention of the maker. I apprehend that it has never been decided, and probably never will be, that the form of the instrument, the number of witnesses attesting it, or the fact that it was recorded, fixes the character of it, because none of these things demonstrates the intention of the maker; and if that intention is plainly expressed by words in the instrument, its words, and not the form of the instrument, manifest the intention. It is declared in the Civil Code, § 3254, that no particular form of words is necessary to constitute a will. Hence, a will may be legally written in the form of a deed, and, notwithstanding such form, it will take effect, when properly executed, as a will, if testamentary expression is found in the instrument. The form of the instrument is but one circumstance to be considered in defining the intention which the maker had when he executed it. In the opinion of Presiding Justice Lumpkin, who speaks for a majority of the court in this case, he in effect declares that it is a sound policy, in cases of doubt, to declare that the instrument was a deed, and thus make it effectual, "when holding it to be testamentary would, for the want of the requisite number of witnesses, render it nugatory." To the correctness of that proposition I cheerfully subscribe. In the case of *Moye* v. *Kittrell*, 29 *Ga.* 677, cited by the Presiding Justice, it was said that if the words of the instrument are doubtful, the court would incline to that construction which would support the instrument; and there can be no doubt that is sound policy as well as the correct rule for the construction of instruments of this character. But it is only applicable when the words of the instrument create a doubt whether the maker of it intended to convey a present estate. However, when the maker by apt and appropriate words declares an intention that no present estate shall be con-

veyed, it is, in my opinion, a perversion of such intention to conclude that because of the form of the instrument a clearly expressed intention is overcome. In the present case the maker conveys the land as a gift to her daughters, and then solemnly declares: "This deed to take effect at my death." I am wholly at a loss to understand the process of reasoning by which, notwithstanding this declaration, it is concluded that the instrument is a deed conveying title to the land at the moment of its execution and delivery. But it is asked, why should even the most ignorant man adopt the form of a deed if he intended to make a will? I do not know; but it is sufficient to say that it has been done in many instances. The opinion of the majority of the court can lead to but one conclusion, and that is, if an instrument is in the form of a deed, it *can not* be testamentary in character, without regard to the words used in the instrument. To such a conclusion I can not subscribe. I apply no new rule of construction to this instrument, but when I read the words that this deed (this gift of land) is not to take effect "until my death," my limited power of reasoning can bring me to but one conclusion, and that is that the instrument conveys no present estate, but is testamentary in character. A careful examination of all the cases cited by Presiding Justice Lumpkin, as well as many others not cited, fails to convince me that there is any precedent for the ruling made in this case. In several of them I think the law was strained in the conclusions which were reached; but in none of them were the words of the instrument being considered so apt and so decisive of intention as those which appear in the instrument construed in this case. In my opinion the trial judge was right in his construction, and his judgment should be affirmed.