## COLLIER *v.* CARTER *et al.*

1. Where an instrument in the form of and attested as a deed contains a clause that it is "to go into effect at the" signer's death, and where there is no other indication as to the intention of the signer, and the paper is duly delivered, it will be construed to be a deed postponing possession.

2. In view of the circumstances attending the trial and the character of the case, the court did not abuse his discretion in overruling the motion for a continuance.

FEBRUARY 15, 1917.

Ejectment. Before Judge Thomas. Echols superior court. January 8, 1916.

Ora Lee Carter and Mrs. Jennie Bell Carter brought an action of ejectment against John W. Collier individually, and as administrator of the estate of H. J. Collier, deceased. The verdict was for the plaintiffs. The defendant moved for a new trial, which was refused, and he excepted.

Upon the trial the plaintiffs introduced in evidence a warranty deed from H. J. Collier to Ora Lee Carter and Mrs. Jennie Bell

Carter, dated March 9, 1911, conveying the land in dispute. Among other things, the deed stipulated that it was "to go into effect at the said H. J. Collier's death." Two of the attesting witnesses swore that they witnessed the deed at the request of the grantor, and that the justice of the peace who witnessed the instrument died afterward. It appeared that about March 9, 1911, H. J. Collier went to the home of the husband of one of the plaintiffs, and while there delivered the deed to Mrs. Jennie Bell Carter, one of the plaintiffs, telling her, at the time of delivery, to take the deed; that he did not know when he would die; and he said, "Here is the deed; this is yours; take it and take care of it, and at my death the property will be yours." She retained possession of this deed continuously to the time of the trial. The defendant, John W. Collier, testified as follows: · "I do not recognize that as H. J. Collier's signature; it is not his signature to the best of my knowledge." This was the entire evidence for the defendant.

*J. W. Haygood, Eldridge Cutts,* and *J. M. Bussell,* for plaintiff in error. *J. G. Cranford* and *E. K. Wilcox,* contra.

GILBERT, J. (After stating the foregoing facts.) The decisive question in this case is, whether the instrument quoted in the statement of facts shall be construed as a deed, or as a will. ·Was it intended to pass title to the property in presenti, with the ,right of possession postponed, or was it to be purely posthumous in its operation? Under the previous rulings of this court, as well as the great weight of modern authority in other jurisdictions, we think it clear that the instrument is a deed, with the right of possession postponed until the death of the grantor. The tendency of the earlier decisions was to construe instruments as testamentary where the maker's intent appeared in any way to vest title after his death, without regard to the form of the instrument. Later a more liberal rule was followed toward giving to the instrument a construction which would accord with the intention of the signer, and which would uphold its validity. *Seals* v. *Pierce,* 83 *Ga.* 787 (10 S. E. 589, 20 Am. St. R. 344); *Wynn* v. *Wynn,* 112 *Ga.* 214 (37 S. E. 378); *West* v. *Wright,* 115 *Ga.* 277 (41 S. E. 602); *Brice* v. *Sheffield,* 118 *Ga.* 128 (44 S. E. 843); *Griffith* v. *Douglas,* 120 *Ga.* 582 (48 S. E. 129); *Isler* v. *Griffin,* 134 *Ga.* 192 (67 S. E. 854); *Hughes* v. *Hughes,* 135 *Ga.* 468 (69 S. E. 818); *Pruett* v.

*Cowsart,* 136 *Ga.* 756· (72 S. E. 30) ; *Mays* v. *Fletcher,* 137 *Ga.* 27 (72 S. E. 408). The instruments in no two of the cases just cited are identical, nor is the instrument in any one of them identical with the instrument in the present case. They are all sufficiently similar to establish the principle already enunciated as the ruling on the instrument construed herein. That in the case of *West* v. *Wright,* supra, is a substantial duplicate of the one now under consideration. At least, it presents no material point of difference in the clause under differentiation. In the case of *Isler* v. *Griffin,* supra, the writing recited that it was to take effect, not only after the death of the maker, but also "from and after the death of my father and mother, and not until then." This was held to be a deed, although possession was postponed to the contingency of the maker's death, and also to the death of the father and mother.

In Phillips *v.* Phillips, 186 Ala. 545 (65 So. 49, Ann. Cas. 1916D, 994), the instrument construed contained the language, "this deed not to take until after my death," and it was held to be a deed. Somerville, J., said: "Courts have undertaken in innumerable cases to prescribe the general tests by which the character of an instrument in this regard is to be determined; but, while there seems to be a substantial uniformity of opinion as to the general principles to be applied, the cases themselves exhibit the utmost contrariety in the particular conclusions reached, even in the same jurisdiction." In the opinion many cases are cited to sustain the rule, and in the notes appended thereto in Ann. Cas. 1916D recent cases in many States are cited and discussed, dealing with the rules of law applicable to the construction of an instrument which has the form of a deed but which is limited to take effect at the death of the grantor, either by its express terms or by the mode of delivery. The early cases on this question are collated in the notes to Hunt *v.* Hunt, 119 Ky. 39, 68 (82 S. W. 998, L. R. A. 180, 7 Ann. Cas. 788) ; Ferris *v.* Nevill, 127 Mich. 444 (86 N. W. 960, 89 Am. St. R. 480).

From the great wealth of authorities thus gathered and analyzed the general agreement of courts may be stated. (1) An instrument which is in the form of a deed to take effect on the death of a maker, where there are no other indicia to prove the intention of the grantor, and the instrument can be held valid either as a deed or as a will, the court will construe the instrument so as to pre-

vent its becoming inoperative. (2) Whether such an instrument is to be construed as a deed or a will depends upon the intention of the grantor as to the passing of a present irrevocable interest, or whether no interest should pass until after the death of the grantor, and whether the grantor until then should have the right to revoke the instrument. (3) The intention of the maker of the instrument is to be ascertained from the whole construed together. (4) Looking to extraneous facts, the delivery of the instrument is some evidence that the same shall operate as a deed, although its terms provide that possession is postponed until after the death of the maker.

The instrument in the present case is in the form of a warranty deed. It is attested by two witnesses, and by an officer authorized in express terms of the law to witness deeds. A will to be valid need not be witnessed by such an officer. This instrument was delivered on or about the date of its execution, and has remained thereafter in the possession of one of the grantees. Looking further to extraneous evidence, one of the witnesses swore that the grantor made the delivery in person, and accompanied the delivery with the statement that the grantee should "take the deed; that he did not know when he would die;" and he said, "Here is the deed; this is yours; take it and take care of it, and at my death the property will be yours."

The construction announced is in harmony with the above-stated adjudication, as well as with equity and justice.

In view of the circumstances attending the trial and the character of the case, the court did not abuse his discretion in overruling the motion for a continuance.

*Judgment affirmed. All the Justices concur.*