ANDERSON, administrator, v. BURNEY.

1. In an antenuptial settlement made in 1855 it was covenanted that the prospective husband relinquished his marital right to property belonging to the prospective wife, "the same to be and remain the sole and separate property of [the prospective wife] and for her sole and separate use during her lifetime, and on her death to go and vest in such child or children as may be born of said marriage." The contracting parties married, and children were born to them. The husband, who was the owner of a half interest in a tract of land, purchased the share of his co-owner with funds coming from his wife, and took a deed to himself. Thereafter, in 1876, he conveyed, in consideration of the discharge in part of the obligation imposed by the marriage settlement, the whole tract to himself as trustee for his wife for life, and at her death to go to and vest in such child or children as were born or might be born of the marriage. The deed was recorded, and the wife continued in possession of the whole tract until her death, which occurred more than thirty years after the execution of the deed. *Held*, that under these facts the wife's possession will be deemed to have been in consonance with the deed, rather than in opposition to it.

(a) Under the deed, the remainder estate was a vested one.

2. The ancient common-law maxim, *seisina facit stipitem*, is not of force in Georgia, and a vested estate in remainder passes to the heirs of a remainderman who predeceases the life-tenant.

3. Under the Civil Code (1910), § 3931, which declares that "Upon the death of the husband without lineal descendants, the wife is his sole heir, and upon the payment of his debts, if any, may take possession of his estate, without administration," the wife is not required to elect whether she will take a dower or the whole estate as heir.

4. Upon the death of a man leaving a widow but no lineal descendants, his estate descends to the widow by inheritance, and the death of the widow without known heirs will not vest her inheritance in the collateral heirs of her deceased husband.

JULY 10, 1917.

Equitable petition. Before Judge Park. Morgan superior court. May 13, 1916.

*E. H. George* and *King & Spalding*, for plaintiff in error.

*Samuel H. Sibley*, contra.

EVANS, P. J. In 1855 John W. Burney and Fannie C. Walker, in contemplation of marriage, executed an antenuptial contract wherein the prospective husband relinquished his marital right in certain property belonging to the prospective wife, "the same to be and remain the sole and separate property of the said Fannie C. and for her sole and separate use during her lifetime, and on her death to go and vest in such child or children as may be born of said marriage." The marriage was thereafter consummated,

and the following children were born, besides those dying in infancy: John T., in 1858; William A., in 1861; Julia C., in 1868, who married Wood Arnold and died in 1899, leaving a husband and a child, the latter dying without having° married; Crawford R., in 1864, who died in 1897, leaving a widow and a child. On January 7, 1856, John W. Burney, who owned a half interest in 1141 acres of land, purchased the share of his co-owner, taking a deed in his own name and paying therefor with the funds of his wife. In 1857 he purchased 200 acres more and took title in his own name. He sold off 140 acres. On January 19, 1876, John W. Burney conveyed the remaining land to himself as trustee for his wife Fannie, for her use during life, and at her death to go to and vest in such child or children as were born or might be born of the marriage. The deed recited for its consideration the discharge in part of the obligations imposed on the grantor in the marriage contract. Mrs. Fannie C. Burney lived till 1906, in possession of the land described in the deed. On her death W. A. Burney claimed the land on the idea that under the deed the title vested in him, on the death of his mother, as surviving remainderman. Wood Arnold, as heir of his deceased wife Julia, and K. S. Anderson as administrator of Crawford and also as administrator of John T., recovered, in ejectment against W. A. Burney, fourth interests in the land. Subsequently, in 1910, a partition proceeding was instituted, the land was sold, and one fourth of the proceeds came into the hands of K. S. Anderson as administrator of John T. Burney. Anderson as such administrator refused to pay over the fund to W. A. Burney, John W. Burney, O. H. Arnold as administrator of Wood Arnold, and Mrs. C. R. Burney and her son, James, who claimed to be entitled thereto as heirs of Fannie C. Burney and of John T. Burney; and they brought the present action against him as administrator of John T. Burney, to recover the same. A verdict resulted for the plaintiffs, which the court refused to set aside on motion for new trial. On the trial it appeared that John T. Burney about the year 1890 removed from Morgan County, Ga., to the State of Texas, where he married Bessie Matthews on January 12, 1891. John T. Burney was seen after his marriage by a former resident of Morgan County, Ga., to whom he introduced his wife. John T. Burney died at Terrell, Texas, where he resided with his wife, in 1895,

and was buried at Dallas, Texas. He left no children. The wife of John T. Burney was seen after the death of her husband, in Dallas, by a witness who testified that she was then afflicted with rheumatism and that she said she was going to Mineral Wells in Texas. Another witness testified that he saw her after her husband's death. Diligent effort was made to locate her in the last few years, but without success; nor could any of her relatives be found. The main question was whether the marriage of John T. Burney and the survival of his wife cut off the plaintiffs from inheriting from him.

1. The plaintiffs contend that under the foregoing facts one half of the land descended to them as heirs of Fannie C. Burney, because the money used by John W. Burney in the purchase of one half of it was her separate estate, and when he invested it in the land in his own name the investment was by a resulting trust in equity her investment, and when she died her equitable title descended to her heirs; and that as John T. predeceased her without children, neither his widow nor her heirs could have any interest in that half of the land. It will be remembered that in 1876, thirty years before Mrs. Fannie Burney died, her husband, John W. Burney, conveyed not only the half of the land purchased with her money, but also the half which he also owned, in consideration of his obligation under the marriage settlement. He made the deed to himself as trustee for his wife for life, with remainder to their children, and placed it on the records of the, county, which was constructive notice to her of its execution. The transaction was not a sale to her in the sense of the statute which required the approval of the superior court of her domicile; it purported on its face to be made in partial fulfillment of the grantor's obligation under the marriage settlement, which authorized the investment on a tenure of title as expressed in the deed. Under the facts appearing on the trial, she will be regarded as having accepted a life-estate in the whole tract of land by virtue of the deed. Moreover these plaintiffs, in litigation wherein some of them asserted title in ejectment suits, never claimed as heirs of Mrs. Burney; and in the partition proceeding which produced the fund, all the parties thereto solemnly admitted that one fourth of the land belonged to John T. Burney's estate, which could not be true if the parties claimed under a resulting trust and not under the deed. We think

that the title to the land passed under the deed of 1876, by virtue of which Mrs. Fannie Burney took a life-estate, with a vested remainder in the children of the grantor and his wife who were in life at the time the deed was executed, this remainder estate to open and let in to a vested remainder such children as might thereafter be born of the marriage. *Burney* v. *Arnold*, 134 *Ga.* 141 (67 S. E. 712).

2. The evidence establishes that John T. Burney married Bessie Matthews in the State of Texas in the year 1891, that he died in 1895, and that she survived him. No children were born of the marriage, and at the time of the trial of the suit diligent efforts failed to discover her whereabouts, or that of any relative of hers. She had not been heard from since a short time after her husband's death in 1895. Under these facts it is contended that the plaintiffs take the estate of John T. Burney as his heirs at law. John T. Burney took a vested estate in remainder under the deed from John W. Burney to John W. Burney, trustee, executed in 1876. By the common law the ancestor from whom the inheritance was taken by descent must have had actual seisin, or seisin in deed of the lands, either by his own entry or by the possession of his or his ancestor's lessee for years, or by being in the receipt of rent from the lessee of the freehold, in order to transmit it to his heir. 4 Kent's Com. 385. This rule is expressed in the maxim of Fleta, "*seisina facit stipitem*," and would prevent John T. Burney's widow from inheriting his vested estate in remainder of which he had no actual seisin at the time of his death. But this rule of the common law is not in force in Georgia, and any estate real or personal, held by any title legal or equitable, without actual seisin, will descend to the heirs of the owners, under our statute of distributions. *Thompson* v. *Sandford*, 13 *Ga.* 238.

3. So we are brought to the point of inquiry as to the person or persons who took by inheritance as heirs of law of John T. Burney on his death in 1895. He left no children, but a widow. Under the rules of inheritance defined in the Civil Code (1910), § 3931, "Upon the death of the husband without lineal descendants, the wife is his sole heir, and upon the payment of his debts, if any, may take possession of his estate, without administration." Under this statute the widow of John T. Burney, upon his death intestate without children, became his sole heir, subject to the payment of his debts, if any. *Wiggins* v. *Blount*, 33 *Ga.* 409. The

widow is not put to an election between dower and a child's part, where the intestate husband leaves neither children nor those representing children, because the whole estate goes to her as heir. It is only where there are children or representatives of children that the widow is required to affirmatively elect a child's part before she can take as heir. The deduction is inevitable that upon the death of John T. Burney without children or representative of children his widow inherited his entire estate, which included his vested estate in remainder, the proceeds of which are the subject-matter of this litigation.

4. But it is contended that as the widow of John T. Burney has not been heard from since about the year 1895, and upon inquiry at her last known residence no trace of her could be found, she is to be presumed dead, under the rule that a prima facie presumption of death is raised in cases where persons are away from their usual place of resort and have not been heard of for seven years. *Cofer* v. *Flanagan,* 1 *Ga.* 538, 543. Upon this presumption of death and the inability to find any heirs of the wife by diligent effort, the claim is made that the money in the hands of the administrator should be paid to the plaintiffs. It is argued that as the wife of John T. Burney is presumed to be dead and no heir of hers can be found, a presumption arises that she left no heir. *Vickery* v. *Benson,* 26 *Ga.* 582. Leaving no heirs, it is urged that the estate of her husband must either escheat or pass to the plaintiffs; and that it can not escheat, because some of the plaintiffs are blood relatives of the person whose estate is being administered. The facts present a rather anomalous situation, in view of our departure from the ancient maxim, *seisina facit stipitem.* Whether the anomaly be actual or only apparent, the following result, under our law as applied to the facts of the case, must be admitted: When John T. Burney died, his widow took by inheritance his estate, which was that of a vested remainder in the land, and no subsequent administration on that estate as belonging to her husband could deprive her of her inheritance. The inheritance was that of the widow, and her subsequent death without heirs will not serve to devolve her title on persons not related to her either by affinity or consanguinity. Whether the property would escheat as property of the deceased wife, it is not necessary to decide; but certainly the plaintiffs are not entitled to it.

*Judgment reversed. All the Justices concur.*