## CRAWFORD *et al. v.* THOMAS.

An instrument attested by three witnesses and in all respects in the form of a deed should, though it contains the words, "This deed goes into effect at the death of me and my wife," be treated, not as a will, but as a conveyance passing title in *presenti*, with right of possession postponed till the death of the maker and his wife.

No. 1726. SEPTEMBER 16, 1920. REHEARING DENIED SEPTEMBER 28, 1920.

Appeal. Before Judge Hodges. Elbert superior court. October 11, 1919.

Mrs. Eunice Crawford offered for probate as the last will and testament of F. M. Crawford, deceased, certain instruments in writing; and Mrs. Ollie Conwell, Mrs. H. S. Crawford, F. P. Crawford, and others filed their caveat to the application for probate, one ground of the caveat being that the instruments propounded for probate were deeds and were not testamentary in character. The case was appealed to the superior court by consent, and there submitted upon the law and the facts to the court without the intervention of a jury. One of the instruments propounded was as follows: " State of Georgia, Elbert County. This indenture made this 4 day of Sept., in the year of our Lord one thousand nine hundred and eighteen, between F. M. Crawford of the County of Elbert of the first part, and Mrs. Ollie Conwell of the County of .............. State of Ala., of the second part, witnesseth: That the said party of the first part, for and in consideration of the sum of 800 eight hundred lbs. of lint-cotton per year as long as me and my wife lives, in hand paid at and before sealing and delivery of these presents, the receipt whereof is hereby acknowl-

edged, has granted, bargained, sold, aliened and conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey, and confirm unto the said party of the second part, her heirs and assigns, [a certain described tract of land] and she is also to have $400. This deed goes into effect at the death of me and my wife." Then follow the habendum, warranty, and attestation clauses appropriate to a warranty deed, showing execution by F. M. Crawford in the presence of three witnesses, one of whom was a notary public. The other two instruments were substantially the same, the amount of the stated consideration being different.

Upon the trial the judge heard certain oral evidence. F. M. Haley, one of the attesting witnesses, was called as a witness by the propounder, and in part testified: " Mr. Crawford [the alleged testator] called me over the 'phone and asked if I had any blank deeds, and if so to bring them over to his house. I did so, and when I got there he told me he wanted to write some deeds to his property. . . This was the paper I drew. He at no time said in conversation that he was making his will. Before that he had talked about making a will, but said he had decided to make deeds instead. He had been talking about coming down to my house and spending the day and discussing making a will. Later on he decided he could do it better by making deeds. He said he wanted to keep it out of court; he didn't want the lawyers to get his property, but he wanted it to go to his children. . . Mr. Crawford and I fixed up the deeds together. He kept them after they had been signed, and I went home."

Mack Greenway, one of the attesting witnesses to the instrument, was sworn and testified: " Mr. Crawford, said he wanted me to sign a land paper. . . I just know that at Mr. Crawford's request I signed as a witness to a land paper. Mr. Crawford told me that he wanted me to sign some land papers. He did not ask me to come up there and witness a will." Grady Greenway, another attesting witness, testified: " Mr. Crawford, on the day we signed, drove up to where we were at work and asked us to sign some land papers. I don't remember whether or not Mr. Crawford signed in our presence, nor do I know whether Mr. Haley signed." There was other evidence not necessary to the decision of the question as to whether the papers offered for probate were deeds or were testamentary in character.

It is conceded by the propounder that the instruments were never delivered, and were therefore ineffectual to convey title if the instruments in question were deeds.

At the conclusion of the evidence the court rendered his judgment holding that the instruments in question were testamentary in character, and as such were entitled to probate and to be recorded as the last will and testament of F. M. Crawford. This judgment is excepted to on the ground that the court erred in so holding, the caveators insisting that the instruments are deeds.

*Z. B. Rogers, Grogan & Payne,* and *Raymonde Stapleton,* for plaintiffs in error. *W. D. Tutt,* contra.

BECK, P. J. (After stating the foregoing facts.) We are of the opinion that probate should have been refused to the instruments offered as the last will and testament of F. M. Crawford. After a careful study of the instruments we are satisfied that they are not testamentary in character, but are deeds. They are deeds in form; they are called deeds by the maker; and the evidence introduced on the trial tends to show that the maker intended to execute deeds. We are aware of the fact that in several cases decided by this court it has been said that it is sometimes difficult to decide whether a paper propounded as a will or offered in evidence as a deed is testamentary in character or whether it is a deed of conveyance. But the instruments in question here do not present as serious a difficulty as did those under consideration in some of the cases just referred to. It is true that the maker of the paper did not deliver them, and his failure to deliver prevents their being effectual as deeds. And, as has sometimes been said by this court, in a doubtful case an instrument in form a deed, and which would be effectual as such, should not be declared testamentary and thus made void; and the converse of the proposition has also been laid down. But we do not look upon this as a doubtful case. The clause in the instrument providing that "This deed goes into effect at the death of me and my wife" will not suffice to determine the character of the instrument under consideration, nor to becloud the issue which we are to determine.

In the case of *West* v. *Wright,* 115 *Ga.* 277 (41 S. E. 602), it was said: "An instrument attested as a deed and in all respects in the form of a deed should, though it contains the words, 'This

deed to take effect at my death,' be treated, not as a will, but as a conveyance passing title in presenti, with right of possession postponed till the death of the maker." This proposition was laid down by the majority of the court, one Justice dissenting. In the majority opinion it is said: "The original tendency was towards holding that papers indicating an intention to postpone enjoyment by the persons claiming to be grantees till after the death of the persons executing the papers should be classed as wills. This tendency in time yielded to another, namely, that it was the sounder policy in a case of doubt to declare that the instrument was a deed and thus make it effectual, when holding it to be testamentary would, for want of the requisite number of witnesses, render it nugatory. The true test, of course, is the intention of the maker, which is to be gathered from the terms of the paper. In *Moye* v. *Kittrell,* 29 *Ga.* 677, we find the first clear manifestation of the tendency last above noted, and the spirit of the decision then rendered has since been steadily regarded as controlling. On page 680, Judge Lumpkin said: 'The form of the instrument is that of a deed. And the form is evidence of the intention of the maker.' Why should even the most ignorant man adopt the form of a deed if he intended to make a will? Almost any person, however illiterate or uninformed, would, of he desired to execute a real will, adopt for expressing his purpose language altogether unsuited for a present conveyance. Where the form of a deed is actually employed, such phrases as 'after my death,' 'vest at my death,' 'take effect at my death,' and the like, may well be construed as merely designed to postpone possession or enjoyment by the grantee till after the death of the grantor." See also *Hughes* v. *Hughes,* 135 *Ga.* 468 (69 S. E. 818), and *Isler* v. *Griffin,* 134 *Ga.* 192 (67 S. E. 854). A further discussion of the question involved in this case is rendered unnecessary by a consideration of the case of *Wynn* v. *Wynn,* 112 *Ga.* 214 (37 S. E. 378), and the numerous cases there cited. We have not overlooked the opinion in the case of *Collier* v. *Carter,* 146 *Ga.* 476 (91 S. E. 551), and the case from which the doctrine there laid down is deduced, where it was said: "From the great wealth of authorities thus gathered and analyzed the general agreement of the courts may be stated: An instrument which is in the form of a deed to take effect on the death of the maker, where there

are no other indicia to prove the intention of the grantor, and the instrument can be held valid either as a deed or a will, the court will construe the instrument so as to prevent its becoming inoperative." But in the present case the instrument bears upon its face all the characteristics of a deed of conveyance. It is called a deed; is in the form of a deed; it has a consideration; and while this last fact would not necessarily render the instrument a deed, it is nevertheless to be given weight. And before signing this paper the maker said expressly that he wished to execute deeds. And it is not to be overlooked that this paper does not take effect, according to the clause which we have recited, at the death of the maker, but it is stipulated in the clause referred to that "this deed goes into effect at the death of me and my wife." It follows from what we have said above that the judgment of the court admitting the paper to probate must be reversed.

*Judgment reversed. All the Justices concur.*