### LIVINGSTON *et al. v.* ALDRIDGE *et al.*

GILBERT, J. 1. "Where an instrument in the form of and attested as a deed contains a clause that it is 'to go into effect at the' signer's death, and where there is no other indication as to the intention of the signer, and the paper is duly delivered, it will be construed to be a deed postponing possession." *Collier v. Carter,* 146 *Ga.* 476 (91 S. E. 551, 11 A. L. R. 1); *Crawford v. Thomas,* 150 *Ga.* 435 (104 S. E. 211).

2. The deed is unambiguous. It was the duty of the court and not of the jury to construe the instrument.

3. It is conceded that on the question of mental capacity the evidence was conflicting, and that the verdict was authorized.

4. The grounds of the motion for new trial complaining of certain remarks of the court when a recharge was requested by the jury, when considered in connection with the entire recharge, do not show error.

5. The verdict was supported by evidence, and the court did not err in refusing to grant a new trial.

> *Judgment affirmed. All the Justices concur.*

No. 5765. APRIL 20, 1927.

Equitable petition. Before Judge Highsmith. Appling superior court. October 22, 1926.

Mrs. Pearl Livingston and others, alleging themselves to be heirs at law of Daniel A. Johnson, deceased intestate, filed a petition for cancellation of a deed from said deceased to Rebecca Aldridge, and to have title to the described property decreed to be in petitioners jointly with her. The petition alleged that said deed was procured by fraud on the part of Rebecca Aldridge and her husband, after they had procured said Johnson to permit them to move into his home and care for him, and that the same was done when the maker was of unsound mind. Said deed is as follows: "State of Georgia, Appling County. This indenture made this the 18th day of August in the year of our Lord one thousand, nine hundred and twenty-three, between Daniel A. Johnson of the County of Appling and State of Georgia, of the first part, and Mrs. Rebecca Aldridge of the County of Appling and State of Georgia, of the second part, witnesseth, that the said party of the first part, for and in consideration of the sum of one hundred dollars and other valuable considerations, in hand paid at and before the sealing and delivery of these presents, the receipt whereof is

Deeds, 18 C. J. p. 272, n. 94; p. 443, n. 19.
New Trial, 29 Cyc. p. 824, n. 41.
Trial, 38 Cyc. p. 955, n. 35; p. 1316, n. 35.
Wills, 40 Cyc. p. 1085, n. 43; p. 1086, n. 49; p. 1087, n. 51, 52.

hereby acknowledged, has granted, bargained, sold, and [by] delivery of these presents does grant, bargain, sell, and convey unto the said party of the second part, her heirs and assigns, all that tract or parcel of land lying and being in the second land district of Appling County, Georgia, and being part of lot of land number 388, in said district and county, containing 32 acres, more or less, and bounded as follows: bounded on the north by lands of J. M. Miles, on the east by lands of Willie Varnadore, on the south by lands of Susan Sapp, and on the west by lands of Lucretia Oxendine. It is further understood and agreed that the party of the second part is to take said party of the first part and keep him so long as he lives and furnish all the necessities of life to said party. It is also understood, and it being a part of the consideration of this deed, that said party of the second part is to take one child, Juanita Johnson, and keep her as one of the family during her years of minority. Said child is to be clothed and educated by said party of the second part and is to share equally as an heir to said estate. Said party of the first part is to have his home so long as he lives, and at the time of my death this deed goes into effect. To have and to hold the said bargained premises, together with all and singular the rights, members, and appurtenances thereof to the same being, belonging, or in any wise appertaining, to the only proper use, benefit, and behoof of Mrs. Rebecca Aldridge, the party of the second part, her heirs and assigns, forever in fee simple. And the said party of the first part, for himself, his heirs, executors, and administrators, will warrant and forever defend the right and title of the above-described property unto the said party of the second part, her heirs and assigns, against the claims of all persons whomsoever. In witness whereof the said party of the first part has hereunto set his hand and affixed his seal the day and year first above written. Daniel A. Johnson (Seal). Signed, sealed, and delivered in the presence of: Beatrice Baxley, J. L. W. Baxley, Ordinary Appling Co. Ga." The deed was duly recorded.

It was contended on the trial that the above paper was of testamentary character; and that its maker not being of sound and disposing mind at the time of its execution, the paper should be canceled, and the beneficiary therein, Rebecca Aldridge, a daughter of the maker, decreed to be an heir at law to the property

along with petitioners. The jury found a verdict for the defendants, the suit being also against the husband of Rebecca Aldridge. The plaintiffs filed a motion for new trial on general and special grounds. One ground complained that the court refused to allow evidence introduced to show the above paper to be testamentary, and in holding as a matter of law that it was a deed; the point of movants being that "the instrument did not pass any title until the death of the grantor," and that evidence showed no consideration was actually paid the grantor. Another ground complained that the court failed to charge the jury that plaintiffs contended the instrument was in the nature of a will, and not effective as a deed; and still another that the court charged the jury that "it is both a deed and a contract." A ground also complained that the court confused the jury in a recharge on the question of mental capacity, by saying: "Well, let's see. This deed was made to Mrs. Rebecca Aldridge. What was really said was this: I expect that it is understood all right by you gentlemen," in connection with the charge on mental capacity, when a juror had told the court the jury wanted recharging on the effect of the maker of the instrument becoming of sound mind after he made it, and for the court to say he expected the jury understood it was calculated to leave an erroneous impression as to the law on their minds, if they had received one from the first charge. Other grounds assign error upon the court's "not answering the questions the jury wanted answered on the recharge." The court overruled the motion for new trial, and the plaintiffs excepted.

*Wade H. Watson* and *J. B. Moore,* for plaintiffs.
*C. H. Parker* and *Highsmith & Highsmith,* for defendants.