JENNINGS *et al. v.* JENNINGS.

No. 8209.    SEPTEMBER 17, 1931.

*J. Glenn Giles* and *J. E. Mozley,* for plaintiffs in error.

*Morris & Morris,* and *William Attaway,* contra.

ATKINSON, J. 1. "The criterion for determining whether an instrument is a deed or a will is, whether it is to take effect immediately upon its execution and delivery, or after the death of the maker." *Shelton* v. *Edenfield,* 148 *Ga.* 128 (96 S. E. 3). "Where an instrument in the form of and attested as a deed contains a clause that it is 'to go into effect at the' signer's death, and where there is no other indication as to the intention of the signer, and the paper is duly delivered, it will be construed to be a deed postponing possession." *Collier* v. *Carter,* 146 *Ga.* 476 (91 S. E. 551, 11 A. L. R. 1); *Mays* v. *Fletcher,* 137 *Ga.* 27 (72 S. E. 408); *Price* v. *Gross,* 148 *Ga.* 137 (96 S. E. 4); *Crawford* v. *Thomas,* 150 *Ga.* 435 (104 S. E. 211); *Livingston* v. *Aldridge,* 164 *Ga.* 201 (138 S. E. 78); *Montgomery* v. *Reeves,* 167 *Ga.* 623 (146 S. E. 311). Tested by this rule, the instrument now in question is a deed, and therefore is not void as being testamentary in character, on account of the reservation therein to the grantor of a life-estate in the property described, with limitations over to children and

grandchildren. Relatively to children and grandchildren, the instrument was intended to take effect immediately, with the right of possession postponed until after the death of the grantor.

2. The petition alleged "that Fred Jennings, the husband of petitioner, departed this life on or about December 22nd, 1925, leaving petitioner as his sole heir, there having been no children born as the issue of said marriage of petitioner and Fred Jennings." The answer of the defendants admitted this allegation, and did not set up or otherwise contend that Fred Jennings had been married before and had other children, but proceeded on the theory that the deed conveyed all interest of Fred Jennings in the property except a life-estate which he reserved, and which terminated at his death, and consequently the petitioner did not inherit any interest in the land. In these circumstances the exception to the judgment dismissing the answer will be dealt with upon the hypothesis that no children were ever born to Fred Jennings, and therefore that there were never any "children born or to be born" to him, nor any grandchildren, within the meaning of the deed.

(*a*) In these circumstances, the limitations over to children and grandchildren of Fred Jennings failed, because there was never one coming within either of those classes to take, and the trust for any such became executed at the death of Fred Jennings, the possibility of issue having become extinct. Civil Code, § 3737.

(*b*) The facts stated above sufficiently distinguish the case from *Leavitt* v. *Leavitt*, 149 *Ga.* 601 (101 S. E. 670), in which the trust involved was executory, and there was no claim of title by inheritance from the grantor.

3. Upon the death of the husband without lineal descendants, the wife is his sole heir. Civil Code § 3931, par. 1; *Gibbon* v. *Gibbon*, 40 *Ga.* 562, 575; *Anderson* v. *Burney*, 147 *Ga.* 138 (4) (93 S. E. 93).

4. The language in the deed, "and in case either party hereto should die leaving no heirs, . . . the said trustee shall hold such deceased party's interest for the benefit of those surviving," considered with its context, contemplates a contingent limitation over to the surviving signers of the instrument, to become effective only if the party dying leaves no heirs, meaning by the word "heirs" widow or children or grandchildren.

(*a*) Construing the instrument as indicated above, the deceased

Fred Jennings, one of the signers of the instrument, having left a widow (the plaintiff) and no children or grandchildren, the widow became his sole heir at law, and the limitation over to his brothers and sisters (the other parties signing the contract) failed without ever becoming vested.

(b) In the circumstances mentioned, the widow as sole heir at law inherited the interest of her deceased husband in the land, and occupied his position with reference to the contract.

5. The interest inherited by the widow of her deceased husband was legal title to an undivided interest in the land, and constituted her "a common owner" of the land with the brothers and sisters of her deceased husband, within the meaning of the Civil Code, § 5358, providing for partition of lands.

6. One clause in the deed provides: "The trustee herein, or his successor, is hereby clothed with full power and authority to take immediate, full, and complete authority, control, and possession of said described lands and rent out or have cultivated the same, and out of the rents and profits therefrom to keep the said premises in repair, and at the end of each year to pay over to each of the grantors herein their proportionate share of same, after having reserved a sufficient amount for said repairs, improvements necessary on said lands, and the operation of the farm for the succeeding year." This clause is to be construed in connection with the entire deed, and constitutes a covenant in the nature of a partnership agreement. Treated as such, it is too indefinite and uncertain as to its duration, and the persons to be affected thereby, to bar the right of the petitioner to partition as against the other parties signing the deed with her deceased husband.

7. It has been held by this court: "In an action by one of several tenants in common, for the partition of lands, where the only question before the court is whether or not a fair and equitable division of the land can be made by metes and bounds, the judge has the legal right, under section 4793 of the Civil Code [of 1895; 1910, § 5365], to determine this question without the intervention of a jury." *Rodgers* v. *Price,* 105 *Ga.* 67 (31 S. E. 126).

8. The Civil Code, § 5365, provides, in part: "Whenever application is made for partition of lands and tenements as hereinbefore provided for, and either of the parties in interest shall make it satisfactorily appear to the court that a fair and equitable

division of the lands and tenements can not be made by means of metes and bounds, by reason of improvements made thereon, or by reason of the premises being valuable for mining purposes or for the erection of mills or other machinery, or that the value of the entire lands and tenements will be depreciated by the partition applied for, then and in that case the court shall order a sale of such lands and tenements," etc. In view of the language of the statute, the burden of proof is upon the party asserting that a fair and equitable division of the land can not be made, to affirmatively show such fact. And where on the trial no evidence was introduced on such issue, and the judge sustained the application for partition of the land in kind, the judgment will not be reversed on the ground that there was no evidence to show that the land was incapable of subdivision.

9. The judge did not err in striking the answer of the defendants, and in rendering final judgment upon the pleadings for the plaintiff.        *Judgment affirmed. All the Justices concur.*