MARY M. RANSOM et al., Appellees, v. POTTAWATTAMIE COUNTY, IOWA, Appellant.

**DEEDS:** When a Will—When a Conveyance.

1. If an instrument passes a present interest in real property (though the right to its possession and enjoyment be deferred) it is a deed of conveyance. (Sec. 2917, Code.)

2. If an instrument does not pass an interest until after the death of the maker, it is a will, or, more properly, a paper of testamentary nature, the validity of which depends on whether execution has been in compliance with the law governing the execution of wills. (Sec. 2917, Code.)

PRINCIPLE APPLIED: An instrument, without any consideration flowing from grantee, was executed without the knowledge of grantee and placed in hands of a party with direction to deliver to grantee after grantor's death. Grantee first learned of the paper after grantor's death. It contained this clause: "This indenture to be effective after my death, on condition that Pottawattamie County, Iowa, pay any debts that I may be owing at that date, and pay my funeral expenses, if any." *Held,* wholly ineffectual because (1) not a deed of conveyance and (2) not executed in accordance with the law governing the execution of wills.

*Appeal from Pottawattamie District Court.*—HON. O. D. WHEELER, Judge.

SATURDAY, JANUARY 23, 1915.

ACTION to quiet title. Opinion states the facts. Decree for the plaintiff. Defendant appeals.—*Affirmed.*

*W. H. Killpack,* for appellees.

*Frank J. Capell,* for appellant.

GAYNOR, J.—This is an action to quiet title to the North Half of the Southwest Quarter of Sec. 6, Township 76, Range 43, except a rectangular tract containing 2.44 acres in the southwest corner of the land.

1. DEEDS: when a will; when a conveyance.

The plaintiffs, through inheritance from one Ann Bybee, are entitled to a decree as prayed, unless their right is defeated by the matters to which attention is hereinafter called.

It appears that on the 7th day of January, 1909, said Ann Bybee, then living, was the owner of the land in question, and on that date, for a named consideration of $1.00, executed what is denominated a deed for said premises to the County of Pottawattamie, the defendant herein.

The granting clause was in the usual form, "I do hereby sell and convey, etc.," and contained this provision, "This indenture to be effective after my death, on the condition that Pottawattamie County, Iowa, pay any debts that I may be owing at that date, and pay my funeral expenses, if any, and said land to be sold, and balance of said amount to be used for the benefit of the poor of said County," followed by the usual covenants of warranty.

Upon the trial, the parties entered into a stipulation of facts which, so far as material, is as follows:

The deed, a true copy of which is set out in plaintiff's petition, was never, prior to the death of said Ann Bybee, handed over to any county officer, and no county officer knew of its existence, and the first time that any county officer knew of the existence of said instrument was when N. Swan-

son, after the death of Ann Bybee, handed same over to the clerk of the court of Pottawattamie County, Iowa, and same has ever since remained in the hands of the clerk of the court, or of the county attorney, but has never been placed of record, and the members of the board of supervisors have known of the existence of the instrument since about the time it was left by N. Swanson with the clerk of the district court.

It is admitted that the consideration recited in said deed, as having been paid by members of the board of supervisors, was never in fact paid.

It is admitted that claims filed against the estate of Ann Bybee in the sum of more than $1,500.00 have been admitted and allowed by the executor of the estate, and that none of same have been paid by the defendant county, except the undertaker's bill in the sum of $443, which has in fact been paid by Pottawattamie County.

The land involved in this case was acquired by Ann Bybee by its being set off to her out of the estate of her deceased husband, Alfred Bybee, on her application as the surviving widow of her said deceased husband, and was set off to her on application as her share of the estate of her said deceased husband, and the plaintiffs are the only children of said Ann Bybee, deceased.

Upon the execution of said instrument the said Ann Bybee left the same with the notary public who took the acknowledgment thereto, to wit, one N. Swanson. Upon the trial of the cause Swanson testified as follows:

"I was called to her house to do some business for her. When I got there she directed me to fix up papers disposing of her property. She directed me to make up the papers disposing of her property as she wanted it done. The writing in the deed is my writing. I wrote it at the direction of Ann Bybee. I read it over to her after it was written. She signed this deed in my presence on the date borne by the instrument. She acknowledged it before me. I was a notary

public.   She directed me to take the deed and put it in my
safe and keep it until her death; then give it to the *County
Auditor or the Supervisors of Pottawattamie County*.   Just
before she executed the deed, she told me what she wanted
done with the land part of her property.   I asked her if
there was anyone of her family deserving of some of the
property.   She said there was not.   I asked her if it would
not be good policy to divide it, or give it in whole to the
Christian Home of Council Bluffs, to be used for the children
of the poor.   She said she was not acquainted with those peo-
ple and didn't know that they would use it as she wanted it
done.   She said she knew if she gave it to Pottawattamie
County, they would use it for the benefit of the poor.   I
made out this deed accordingly.   I prepared a will disposing
of other property the next day after drawing the deed.   I
took possession of the deed after it was executed.   I kept it
in my safe until about the 12th or 13th of August, 1911.
That was after the death of Ann Bybee.   I then took it to
Council Bluffs and turned it over to the clerk of the court.
I had the will and the bill of sale.   I left them all with the
clerk of the district court at Council Bluffs.   I did not make
known to any county officer the fact that I was holding the
deed.   I do not know that any county officer knew of it.''

John D. Hannan, auditor of Pottawattamie county, testi-
fied: ''The board of supervisors appointed a committee to
attend to the taking over of the property deeded to the County
by Mrs. Bybee.   The County paid $443.00 burial expenses of
Mrs. Bybee.   The resolution appointing the committee is the
only record of the board in my office relating to this property.
The record reads as follows:

'' 'It was moved and seconded that the chair appoint a
committee to act with himself and the county attorney in
investigating the interest of the County in the eighty-acre
farm deeded to the County by Mrs. Ann Bybee, with the view
of ascertaining the extent of the County's interest therein,

and if good, that the expenses of her last sickness and burial be paid. Motion carried, and Chairman Darrington appointed the finance committee to act with him in the matter.'

"I have no record of the report of the committee."

Frank True, a member of the board of supervisors, testified that he was one of the committee appointed to investigate the matter of the deed by Mrs. Bybee of this land. "We decided to report in favor of accepting the conditions of the deed. The board thought they would pay anything that was legal that came up. They decided to pay the bills as they came up. The funeral expenses were large, and we wanted to know whether the property was worth it. We wanted to know whether there was a chance of getting it if we paid these expenses. We knew what the funeral expenses were. It was some months after Mrs. Bybee's death that we began to investigate."

This is all the evidence material to the controversy except, perhaps, that on the 9th day of January, 1909, two days after the execution of the instrument in controversy, Ann Bybee made a will containing the following provision:

"First, I give, devise and bequeath unto Mrs. Mary Ransom of Crescent, Pottawattamie County, Iowa, Fifteen Hundred Dollars, more or less, whatever amount I may have on deposit in the First National Bank of Council Bluffs, Iowa, at the time of my death, after deducting the expenses of my funeral from said amount and for her to have same forever."

The court found for the plaintiffs, and that they were entitled to have the title to the land quieted in them, but allowed the county $474.00 for funeral expenses paid, with six per cent interest from October 21, 1912, and made the same a lien upon the land, and further decreed as follows:

"It is further ordered, adjudged ·and decreed by the

Court, that upon the payment to Pottawattamie County of the sum hereinbefore mentioned, either by the plaintiffs or from other funds of the estate of Ann Bybee, deceased, such payment shall operate as an extinguishment of the lien reserved in this decree in favor of Pottawattamie County, and shall terminate all right of every kind of the County in or to said land.

"It is further adjudged and decreed by the Court that the right to said land in the plaintiffs attached at the time of the death of the said Ann Bybee, deceased, and the said plaintiffs have been the owners of the same ever since that date, and are entitled to all of the earnings, rentals, and profits arising out of said land."

This record presents for our determination the question whether or not the execution and delivery of this instrument to Swanson, conveyed the land in question to the county *in praesenti;* that is, whether or not this instrument, when executed and delivered to Swanson, in fact and in law operated to convey a present interest to the county in the land in controversy, with the possession and enjoyment thereof postponed until after the death of Ann Bybee. If it did not, then it is testamentary.

The rule has been well settled in this state that a deed, properly executed and acknowledged, by its terms conveying land therein named to another, and deposited with a third person for delivery to the grantee therein named after the grantor's death, may, upon delivery to the grantee, pass a present interest. The rule in this state is "the intent of the grantor is the controlling factor," and as some books say, the polar star in determining the intent with which it was executed and delivered. Where the language of the instrument itself is unambiguous, certain, and clearly expresses the purpose and intent of the grantor, the intent must be determined from the language of the instrument. The primary question to be determined is, did the instrument pass a pres-

ent interest in the land to the grantee therein named upon its execution and delivery to the third person? If it did, then the instrument will be given effect as a conveyance. The rule recognized in this state is, "If the instrument passes a present interest, although the right to the possession and enjoyment of the property may not accrue until some future time, it is a deed. But if the instrument does not pass an interest until after the death of the maker, it is a will or testamentary instrument." See *Burlington University v. Barrett,* 22 Iowa 60, 72.

From an examination of the instrument in question it will be noted that the provision of the instrument itself is, that it shall not become effective as a conveyance until after her death, and then only on the condition that the county pay her debts and funeral expenses. There is no claim that during the life of Ann Bybee, the defendant county consented to the conditions of the deed, or agreed to accept it with or without the conditions attached. In fact, it could not be known until after her death what the burden of these conditions would be, whether the debts and funeral expenses would exceed or not, the value of the property named in the deed.

Under the provisions of our Code, estates may be created to commence in the future. The *estate in the grantee* must be created by the instrument, and at the time of its execution and delivery. The enjoyment of the estate may be postponed to the future. The question here is, whether an estate was created by the execution and delivery of the deed to Swanson, the enjoyment of which was postponed to a future day. To convey title to property, the execution of an instrument of conveyance and a delivery to a third person does not in all cases, in and of itself, convey title to the party named as grantee.

*Leaver v. Gauss,* 62 Iowa 314, was a case in which the plaintiff sought to quiet title under the following circumstances. He and his wife executed to the defendant an instru-

ment in writing, in the ordinary form of a deed, purporting to convey the premises in the usual form of deeds but containing the following provision: "To commence after the death of both of said grantors," and also the following provision: "It is hereby understood and agreed between the grantors and grantee that the grantee shall have no interest in the premises as long as the grantors are alive; that after their death, the grantee shall hold the premises by fee simple title." His action to quiet title was based on the idea that the deed did not convey a present title, was testamentary in its character, that he desired to revoke it. The court held that by this instrument no present estate was created in the grantee, and the title was quieted in the plaintiff.

In *Wilson v. Carter*, 132 Iowa 442, the deed contained this clause: "This conveyance is placed in escrow and shall be valid to pass the title to said land upon its delivery to the grantee at or after my (grantor's) decease, and the payment by the grantee, within two years after my decease, of $300.00 to Caroline Dow and $300.00 to Mary Stigman, daughters of the grantor herein. . . . possession of above land shall pass to the grantee on delivery of this deed from escrow on my decease." Such a deed was held not to convey a present interest, and was testamentary in its character.

In the case at bar it was provided that the instrument executed by Ann Bybee and left with Swanson should not be effective until after her death. This interpreted means that the indenture of conveyance executed and placed in the hands of Swanson should not be effective as an instrument of conveyance until after her death, and then only upon the conditions named in the deed—the burden of which could only be determined after death; that is, she attached conditions to the gift, to be performed after her death, the burden of which could not be determined until after her death, and upon the performance of which the instrument became effective. We think there was an intent on the part of the grantor that the instrument should not become effective as a convey-

ance until after her death and until the performance of the conditions named, which could not be ascertained or known or performed until after her death, so that it appears it was not a conveyance of a present interest in the land, reserving only the enjoyment of it during her life.

We reach the conclusion, from a fair consideration of the instrument itself, that the instrument did not convey a present estate in the grantee named, because by the very terms of the instrument it was not to be effectual as a conveyance during her lifetime.

We do not, therefore, enter into a discussion or seek to determine the other questions urged by counsel upon this appeal, for the instrument being testamentary in its character, and not having been executed in accordance with the law governing the execution of wills, it is wholly ineffectual for any purpose, and the question of acceptance or non-acceptance of its terms after the death adds no vitality to the instrument presented.

We have examined *Trask v. Trask,* 90 Iowa 318, and *Saunders v. Saunders,* 115 Iowa 275, and other cases cited by appellant, and find that these cases were decided on the peculiar facts of each case, as we have attempted to do in this case; but these cases do not in any way contravene the underlying principle hereinbefore stated, to wit, that if the instrument passes a present interest, although the right to its possession and enjoyment may not accrue until some future time, it is a deed, but if the instrument does not pass an interest or right until after the death of the maker, it is a will or testamentary paper.

Upon the whole record we think the case should be— *Affirmed.*

Deemer, C. J., Ladd and Salinger, JJ., concur.