MATILDA LEONARD et al., Appellants, v. JOHN WREN et al., Appellees.

DEEDS: Deed Effective after Death of Grantor. An ordinary warranty deed passes title in fee on delivery, notwithstanding the following provision therein, to wit: "This deed is not to take effect during the lifetime of either of the grantors, but after the death of Thomas Leonard and Mary Leonard, then this deed to vest title in Thomas Wren."

*Appeal from Marion District Court.*—J. H. APPLEGATE, Judge.

DECEMBER 14, 1918.

SUIT to quiet title. A demurrer to the petition was sustained. Plaintiff appeals.—*Affirmed.*

*W. G. Vander Ploeg* and *Gray Anderson,* for appellants.

*W. H. Lyon,* for appellees.

EVANS, J.—The real objective of the present suit is to obtain a decree holding void a deed of real estate, on the ground that it was wholly testamentary in character, and conveyed no present interest. The deed was delivered and recorded in 1886. It contained the following reservation:

"This deed is not to take effect during the lifetime of either of the grantors, but after the death of Thomas Leonard and Mary Leonard, then this deed to vest complete title in Thomas Wren," etc.

Thomas Leonard died in possession, in 1915. The plaintiffs' claim of invalidity is based upon the proviso here quoted.

The question thus presented has been before us in somewhat varying form in several previous cases. These cases have all been reviewed by us in the recent case of *Shaull v. Shaull*, 182 Iowa 770. It will be noted that, in the *Shaull* case, we have receded from the holding in some of our previous cases.

The holding in the *Shaull* case is decisive of the case before us. The decree of the district court is, accordingly,— *Affirmed*.

PRESTON, C. J., LADD and SALINGER, JJ., concur.