Jonathan J. Hall, Appellee, v. Mary E. Hall, Appellant.

February 14, 1928.

Rehearing Denied May 18, 1928.

*Ernest A. Crockett* and *Shull, Stilwill, Shull & Wadden,* for appellant.

*Naglestad, Pizey & Johnson,* for appellee.

ALBERT, J.—The defendant offered no testimony. The facts are simple. On February 3, 1915, L. G. Hall executed a deed to his son, Jonathan J. Hall, in which he sold and conveyed a certain lot in the town of Hornick, in Woodbury County, to the son, Jonathan. This deed was acknowledged and recorded on March 1, 1915. At the time of the execution of this deed, L. G. Hall was a widower. In said deed it is recited:

"But this deed does not take effect until after my death, nor do I give up possession to the said Jonathan J. Hall during my lifetime, and I reserve the use and income of the premises as long as I live."

In August, 1917, L. G. Hall married the appellant, Mary E. Hall, and immediately after their marriage, they moved into the house on the above described premises, which L. G. Hall was then occupying, and continued to occupy the same up to the time of the death of Hall, in August, 1926. After his death, appellant, Mary E. Hall, continued to reside therein, and was in possession of the same at the time of the bringing of this action. She is a woman 73 years old, in poor health, partially blind and deaf, and is confined practically all of the time to this home, where her infirmities permit her to get around more readily than elsewhere, and she has been able to manage, with the assistance of a girl to help her. This action is to dispossess her of this property.

Counsel agree that there is but one question before the court, and that is whether the instrument above referred to is testamentary in character.

There is nothing in the record as to the surrounding facts and conditions at the time the deed was executed and delivered; hence the determination of the question rests wholly upon the contents of the deed. Counsel apparently agree on the proposition that, if the instrument passes a present interest, although

the right to its possession and enjoyment may not accrue until some future time, it is a deed, or contract; but, if the instrument does not pass an interest or right until the death of the maker, it is a will, or testamentary paper. This rule was stated in the early history of this state in the case of *Burlington University v. Barrett*, 22 Iowa 60.

In the case of *Leaver v. Gauss*, 62 Iowa 314, the instrument was in the usual form of a deed, containing also the following, "to commence after the death of both the said grantors," and also:

"It is hereby understood and agreed between the grantors and the grantee that the grantee shall have no interest in the said premises as long as the said grantors or either of them shall live, and that, after the death of both the said grantors, the grantee shall have and hold the premises by fee-simple title."

This was held to be testamentary in character, and the grantee took no present interest in the property. This case was later overruled by *Shaull v. Shaull*, 182 Iowa 770, and *Leonard v. Wren*, 184 Iowa 1339. We again called attention to the overruling of this case in *Manchester v. Loomis*, 191 Iowa 554.

In *Ransom v. Pottawattamie County*, 168 Iowa 570, the instrument was without consideration from the grantee, executed without his knowledge, and placed in the hands of a third party, with directions to deliver to the grantee after the death of the grantor. The grantee knew nothing about it until after the death of the grantor. It contained this clause:

"This indenture to be effective after my death, on the condition that Pottawattamie County, Iowa, pay any debts that I may be owing at that date, and pay my funeral expenses, if any * * * ."

This was held to be testamentary in character, and not to pass any present interest.

The instrument in question in the *Ransom* case, above cited, was subsequently offered for probate in the case of *In re Estate of Bybee*, 179 Iowa 1089, where, by reversal of the district court, this court held that it should have been admitted to probate as a will, and the above cases are cited by appellant as sustaining its contention.

In the case of *Saunders v. Saunders*, 115 Iowa 275, there

was a deed in the usual form, describing the property, and then proceeding:

" * * * subject, however, to the occupancy and possession of said real estate for and during the natural life of the grantor. The intention being that this deed shall not be in force or take effect until after the death of the grantor herein."

In relation thereto we said:

" * * * from the whole instrument there can be but little question as to the grantor's intention when she executed it. That she fully intended to convey a present interest in the land, the enjoyment of which only was to be postponed until after her death, we do not doubt. The statement of intention that the deed shall not be effective until after her death was evidently an attempt to more fully and explicitly set forth the fact that the conveyance was subject to her use and occupancy during life. It follows immediately thereafter, and must be read in connection therewith. It was to make certain the intention to retain possession * * * during life, and nothing more."

In the *Saunders* case we commented on the *Leaver* case, supra, and said:

"In that case the instrument was a deed in form, but contained this language: 'To commence after the death of both of the said grantors,' and, 'It is hereby understood and agreed between the grantors and the grantees that the grantees shall have no interest in said premises as long as the grantors, or either of them, shall live.' It was held that the sentence last quoted was, in effect, a declaration that no estate was created, and the case was decided on that theory. Here there is no such declaration, and we are left to determine the true intent from the entire instrument."

In *Shaull v. Shaull*, 182 Iowa 770, the instrument was an ordinary warranty deed, with the provision therein that said deed shall "take effect immediately upon the death of both the grantors." We there held that the deed passed title *in praesenti*, and was not testamentary. This case reviews all of our holdings prior to that time, and many outside cases. We there said:

"It is elementary that the instrument must be sustained, if possible, and to do this, it will be most strongly construed against the grantor. It is evident from the instrument that it was the intention of the grantors that the possession of, and

full dominion over, the property was to pass to grantee at the death of grantors, but that title was to vest under the instrument, subject to an implied limitation in their favor. This conclusion is not in conflict with our prior. holdings, and is in harmony with the holding in *Saunders v. Saunders* and *Lewis v. Curnutt*, supra [130 Iowa 423]."

In *Leonard v. Wren*, 184 Iowa 1339, the deed was delivered and recorded, and contained the following reservation:

"This deed is not to take effect during the lifetime of either of the grantors, but after the death of Thomas Leonard and Mary Leonard, then this deed to vest complete title in Thomas Wren."

We there held that the holding in the *Shaull* case was decisive of that case, and that thereunder an interest *in praesenti* vested, on delivery of the deed.

In *Bradley v. Bradley*, 185 Iowa 1272, the deed was in the usual form of conveyance, and contained the following clause:

"The title to this land is not to pass while I live. This deed to be held in escrow at the Shenandoah National Bank, Shenandoah, Iowa, to be delivered at my death, and is to be in lieu of any charge for my care and support."

Notwithstanding this prohibitive clause, we held that, under the rule announced in *Shaull v. Shaull*, supra, the grantee took a vested interest *in praesenti*.

In the case of *Manchester v. Loomis*, 191 Iowa 554, the question was the construction of a contract which, in substance, provided that the property of the mother should remain her absolute property during her lifetime, and that the son "shall have no right or claim thereto during such lifetime," but that he, on the mother's death, "shall 'inherit' such property as the mother 'may die seized' of." This contract was held not to be testamentary when, from the instrument as a whole, it was manifest that the parties intended the instrument to be contractual.

It is therefore apparent from this review of the opinions of this court that the instrument before us must be held to have granted an interest *in praesenti* to Jonathan J. Hall, and hence is not testamentary in character.

The result in this case, under the peculiar facts, is in one sense regrettable, and the deplorable situation of this old lady

appeals largely to our sympathy; but it is better that our sympathy be smothered than that rules of law be made uncertain.

This conclusion is in accordance with that of the district court.—*Affirmed.* .

STEVENS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.