TRUSTEES OF THE SYNOD OF THE REFORMED PRESBYTERIAN CHURCH OF NORTH AMERICA, Appellant, v. A. L. HOREL, Administrator, Appellee.

No. 46573.

NOVEMBER 14, 1944.

Ferguson & Ferguson, of Shenandoah, for appellant.

Turner & Turner, of Clarinda, for appellee.

MILLER, J.— The facts herein are presented by the pleadings. On January 5, 1943, plaintiff, a Pennsylvania corporation,

282

filed a petition, Count I of which asserted that on June 24, 1942, Samuel J. Ewing, now deceased, delivered to Knox McCalla, for the use and benefit of plaintiff, a written instrument, as follows:

"Jan. 16 - 40

I hereby convey at my decease all my personal property to Knox McCalla and Homer Woods for disposition. The proceeds to defray expenses, and balance to go to Covenanter Church at Large. Books and Clothing to go to Southern Mission.

(s) S. J. Ewing."

The petition further asserted that, by the delivery of said instrument, decedent intended to transfer all of his property to plaintiff, subject to a charge for funeral expenses and other debts of decedent, the property to be held by Knox McCalla and Homer Woods as agents for plaintiff and for its benefit from said date until decedent's death, with power to convert the property, after his death, into cash, except books and clothing, and, after payment of said charges, to pay the balance to plaintiff and deliver his books and clothing to the Southern Mission. Decedent died November 11, 1942. On November 12, 1942, Homer Woods and Knox McCalla were appointed administrators of the estate and took charge of the decedent's property. On November 16, 1942, defendant, as next of kin, secured the removal of such administrators, was himself appointed administrator and has since refused to recognize plaintiff's ownership of decedent's personal property. The prayer was that the court confirm and establish the gift of decedent's personal property to plaintiff, subject to said charges, and require defendant to account therefor. Count II of the petition incorporated the allegations of Count I, and prayed that, if the instrument were insufficient to constitute the making of said gift, the court reform it in such a manner as to fully express the intention of the donor.

On May 28, 1943, the defendant filed a motion to dismiss, asserting fifteen grounds therefor, among which was the contention that the instrument was testamentary in character and had not been executed in compliance with the law of wills. On June 1, 1943, the court sustained the motion to dismiss on the grounds that the instrument asserted by plaintiff was testamentary in character, was not a conveyance, passed no present

interest in the property, was to be operative only upon grantor's death, was not executed as a valid will, and was not a gift causa mortis: Plaintiff was granted until August 27, 1943, to plead over.

On August 27, 1943, plaintiff filed an amended and substituted petition in two counts. On October 5, 1943, an amendment was filed to each count. As amended, Count I asserted allegations analogous to those in the original petition and in addition thereto asserted that it was the intention of the decedent, by the delivery of the instrument heretofore quoted, to transfer at that time to Knox McCalla and Homer Woods, in trust for the benefit of decedent during his lifetime and thereafter the plaintiff, all of his property, with the power at his death to convert such of his property as then existed, except books and clothing, into cash and to distribute the proceeds first to pay the expenses of the last sickness and funeral and other debts of decedent and to pay the balance of cash to plaintiff, and to give his books and clothing to the Southern Mission; that he intended to and did thereby vest in plaintiff a beneficial interest in said property at said time. The prayer was that the court enforce the trust and require defendant to account for the property.

Count II, as amended, incorporated Count I therein and asserted that, if the court found the instrument to be insufficient to constitute the making of said gift, the insufficiency was due to a mutual mistake of the parties thereto as to the legal effect of the language used therein to fully express and carry out the intent of the donor, and prayed that the court reform the instrument to fully express the intent of the donor.

Defendant filed a motion to dismiss, similar to the one previously filed, pursuant to which, on March 6, 1944, the court determined that the amended and substituted petition as amended did not state a cause of action because the writing dated January 16, 1940, was testamentary in character and inoperative because not witnessed as required by law; that no sufficient relinquishment of the property or delivery thereof is alleged sufficient to constitute a gift thereof; that sufficient grounds for reformation are not stated, even though such an instrument

would be subject to reformation. The motion to dismiss was sustained.

On March 27, 1944, plaintiff filed a notice of appeal to this court from the ruling of March 6, 1944. No judgment was entered and no leave to appeal was obtained under Rule 332 of the Rules of Civil Procedure. The cause was submitted in this court on October 19, 1944. At the oral argument a question was raised whether the ruling of March 6, 1944, could be appealed by such method. To avoid any question on that issue it was agreed that final judgment should be entered forthwith, an appeal should be taken therefrom, and such appeal should be submitted on the briefs already on file. Pursuant thereto, judgment was entered in the district court on October 20, 1944, against the plaintiff for costs. Notice of appeal from such judgment was filed immediately and proper printed amendment to the record was prepared and filed forthwith.

I. The entry of the judgment herein and the consolidation of the appeal therefrom with the appeal previously perfected renders unnecessary a decision whether or not the order of March 6, 1944, was such a final decision as to be appealable under Rule 331(a) of the Rules of Civil Procedure. The decisive question for our determination is whether the instrument relied upon was testamentary in character and therefore was ineffective because not witnessed as required by section 11852, Code, 1939, or, on the other hand, was a valid gift inter vivos of decedent's personal property in trust for plaintiff after decedent's death. There is also an alternative question, raised by Count II of the petition as amended, whether, if the instrument sued on was insufficient to give effect to the alleged intent of decedent, it should be reformed so that it would.

II. We will first consider whether the writing delivered by decedent to Knox McCalla was testamentary in character or a valid deed of trust.

Both sides cite and rely upon the case of Haulman v. Haulman, 164 Iowa 471, 478, 145 N. W. 930, 933, wherein we stated:

"It is true that, where the use and benefit and enjoyment of the thing conveyed is deferred until after the death of the owner, and where, by the terms of the instrument, the conveyance does

not become effectual until after the death of the grantor, and the legal title remains in the grantor until such time, the instrument is, of necessity, testamentary in its character, and can be enforced only as such.

"To make it effectual, the instrument of conveyance must operate *in praesenti*. It must transfer the title, dominion, and control over the thing to the trustee at the time of its execution and delivery, and when this is done, the enjoyment of the thing conveyed may be postponed until after the death of the grantor, or postponed to any future time. The benefits to be derived from the grant may be postponed, without the instrument losing any of its *efficiency* as a trust instrument, or without affecting, in the least, the trust character of the conveyance.

"In all instruments of this kind, where a trust is created in one for the use and benefit of another the party creating the trust must release all power of disposition over the fund."

At the outset we are faced with the question whether the words "I hereby convey *at my decease*" are sufficient to create a present interest in the decedent's property. Offhand, they would not seem to be. In the case of Leaver v. Gauss, 62 Iowa 314, 315, 17 N. W. 522, we construed a deed which provided, "the grantee shall have no interest in the said premises as long as the said grantors or either of them shall live," as insufficient to create a present interest in the grantee. However, this case has been squarely overruled, so that our problem is not as simple as it might seem.

In Saunders v. Saunders, 115 Iowa 275, 277, 88 N. W. 329, 330, we held that a deed which provided, "this deed shall not be in force or take effect until after the death of the grantor herein," was valid, stating as follows:

"It is fundamental that the intention of the maker of an instrument must control in all cases of this kind, if the intention can be ascertained from the entire instrument, and the true test to determine whether it is a deed or a will is whether it is to take effect immediately, or only upon the death of the maker. This instrument recites a valuable consideration paid by the defendant. It says that the maker does 'hereby sell and convey' land accurately and specifically described. It contains a cov-

enant that the maker holds said premises by 'good and perfect title;' that she has 'good right and lawful authority to sell and convey the same;' that it is free from all incumbrances; and the title is warranted. It was acknowledged, delivered, and filed for record in the proper office, and duly recorded. All of these matters are considered as strong evidence of an intention to convey an interest *in praesenti*. Again, the instrument cannot be given force as a will, and the law presumes that the maker knew what requisites were necessary to give it such character, and that they were intentionally omitted. It is also to be presumed that she intended to make a valid instrument, and it will be so construed if possible. The instrument says that the conveyance is 'subject, however, to the occupancy and possession of said real estate for and during the natural life of the grantor.' It will be noticed that the language here used is only consistent with the conveyance of a present interest, and furnishes a strong indication of the intent of the grantor. Then in the language following the instrument is referred to as a 'deed,' and from the whole instrument there can be but little question as to the grantor's intention when she executed it. That she fully intended to convey a present interest in the land, the enjoyment of which only was to be postponed until after her death, we do not doubt. The statement of intention that the deed shall not be effective until after her death was evidently an attempt to more fully and explicitly set forth the fact that the conveyance was subject to her use and occupancy during life. It follows immediately thereafter, and must be read in connection therewith. It was to make certain the intention to retain possession of the land during life, and nothing more.''

In Shaull v. Shaull, 182 Iowa 770, 779, 780, 166 N. W. 301, 304, 11 A. L. R. 15, we sustained similar language in a deed, stating as follows:

''If, therefore, the clause 'this deed to take effect immediately upon the death of both the grantors herein' is to be construed as a limitation upon the granting clause, and to prevent the vesting of title until after the death of the grantor, then same is void, because not properly executed as a testamentary grant. The language of the deed does not, in express terms,

negative an intention upon the part of grantors to pass a present interest to said real estate; nor does it, in clear terms, declare that to be their intention. The instrument is, in form, a warranty deed, and it must be assumed that the makers had some understanding of the nature of the instrument they executed, and of the distinction between same and a will.''

In the case of Leonard v. Wren, 184 Iowa 1339, 1340, 169 N. W. 621, a deed which provided, ''This deed is not to take effect during the lifetime of either of the grantors, but after the death of Thomas Leonard and Mary Leonard, then this deed to vest complete title in Thomas Wren,'' was summarily sustained under the authority of Shaull v. Shaull, supra.

In Manchester v. Loomis, 191 Iowa 554, 567, 181 N. W. 415, we pointed out that the case of Leaver v. Gauss, supra, 62 Iowa 314, 17 N. W. 522, had, in effect, been overruled. In Hall v. Hall, 206 Iowa 1, 3, 218 N. W. 35, we held squarely that Leaver v. Gauss, supra, had been overruled, and sustained a deed which provided, ''But this deed does not take effect until after my death, nor do I give up possession to the said Jonathan J. Hall during my lifetime, and I reserve the use and income of the premises as long as I live.''

In the cases which resulted in the overruling of the early case of Leaver v. Gauss, supra, this court held that the Leaver case placed too much emphasis on one clause of the deed, whereas, by considering the deed as a whole, there was sufficient language to create a present interest in the real estate in the grantee. To the same effect, see Bradley v. Bradley, 185 Iowa 1272, 171 N. W. 729.

However, in the case of Ransom v. Pottawattamie County, 168 Iowa 570, 577, 150 N. W. 657, 659, where the deed provided that, ''This indenture to be effective after my death, on the condition that Pottawattamie County, Iowa, pay any debts that I may be owing at that date, and pay my funeral expenses, if any, and said land to be sold, and balance of said amount to be used for the benefit of the poor of said County,'' it was held to be invalid as a deed, this court stating as follows:

''In the case at bar it was provided that the instrument executed by Ann Bybee and left with Swanson should not be

effective until after her death. This interpreted means that the indenture of conveyance executed and placed in the hands of Swanson should not be effective as an instrument of conveyance until after her death, and then only upon the conditions named in the deed—the burden of which could only be determined after death; that is, she attached conditions to the gift, to be performed after her death, the burden of which could not be determined until after her death, and upon the performance of which the instrument became effective. We think there was an intent on the part of the grantor that the instrument should not become effective as a conveyance until after her death and until the performance of the conditions named, which could not be ascertained or known or performed until after her death, so that it appears it was not a conveyance of a present interest in the land, reserving only the enjoyment of it during her life. * * *

''We have examined Trask v. Trask, 90 Iowa 318, and Saunders v. Saunders, 115 Iowa 275, and other cases cited by appellant, and find that these cases were decided on the peculiar facts of each case, as we have attempted to do in this case; but these cases do not in any way contravene the underlying principle hereinbefore stated, to wit, that if the instrument passes a present interest, although the right to its possession and enjoyment may not accrue until some future time, it is a deed, but if the instrument does not pass an interest or right until after the death of the maker, it is a will or testamentary paper.''

The identical instrument which was held to be invalid as a deed, in the case last quoted from, was later held to be valid as a will. In re Estate of Bybee, 179 Iowa 1089, 160 N. W. 900.

Also, in Tuttle v. Raish, 116 Iowa 331, 333, 337, 90 N. W. 66, 67, an instrument which provided that, ''in the event of my death without children, after all our just debts and my funeral expenses are paid, and one hundred and fifty dollars for a monument at my mother's grave, I, Milo R. Tuttle, of Clinton, Iowa, do hereby make and constitute my wife, Jennie Tuttle, the sole owner in her own right (without regard to my next of kin) of all our property, whether real or personal, or wherever situated, that we may be possessed of, and I hereby invest her

with full powers and rights to receive, receipt for, sell, dispose of, and give title to as valid as if done by both of us in my lifetime,'' was held to be testamentary and to create no present interest in decedent's property, this court stating:

"Turning now to the instrument, it will be noted that the interest given was to vest in the event of his death without children, and after payment of debts, funeral expenses and for the erection of a monument to his mother. In the light of the facts stated no very careful analysis of the terms of this writing is needed to show that the intent to provide for the wife and 'make her safe' was sought to be effected through an instrument which was to go into effect only upon the decease of the grantor, and that during his life she took nothing.''

In the case of Saunders v. Saunders, supra, this court emphasized that the deed contained a granting clause which did "hereby sell and convey'' land accurately and specifically described; there was a warranty of title to so convey the same; it was acknowledged, delivered, and recorded; it was in the proper form of a deed and was referred to as a deed; it specifically reserved a life estate in the grantor. The statement that "this deed shall not be in force or take effect until after the death of the grantor herein,'' followed immediately the language which expressly reserved a life estate in grantor. We held that the language of the deed as a whole adequately expressed an intention to sell and convey a present interest in the specifically described real estate and that the expression that the deed should not be effective until after grantor's death was evidently an attempt to more fully and explicitly set forth the fact that the conveyance was subject to a life estate.

In Ransom v. Pottawattamie County, supra, our decision in Saunders v. Saunders, supra, was expressly considered and distinguished. We think that the instrument herein relied upon falls within the rule of the Ransom case and not the Saunders case. The special circumstances relied upon in the Saunders case were not present in the Ransom case. Nor are they present here. Here, as in the Ransom case, the instrument, considered as a whole, does not express an intention to convey a present interest, with enjoyment thereof postponed to take effect after a

life estate. There is no language reserving a life estate. The *only* granting clause is, "I hereby convey *at my decease.*" This expresses no intention to create a present interest. Also, no specific property is described. The property to be conveyed is "all my personal property." If the conveyance granted a present interest it would render the grantor destitute. The conveyance was to take effect "at my decease" to avoid his being rendered destitute. The property was to be sold and distributed. It was to be used to pay expenses. But such use was to be made "at my decease." The language is incapable of any rational interpretation that all of his personal property was presently conveyed to a trustee, with provision that the trustee use the income during grantor's life to support the grantor. Any language to that effect must be supplied. There is nothing in the writing to support such an interpretation. The disposition to be made herein is somewhat analogous to that in the Ransom case. There, as here, the grantee was to pay the grantor's debts and funeral expenses and the balance remaining was given to charity. We held that the deed in the Ransom case was testamentary because a present estate was not conveyed. The writing relied upon herein was testamentary for the same reason.

The cases above referred to, which follow the Saunders case, do not announce any different rule from that case. They merely follow it. We have carefully examined all of the other authorities relied upon by plaintiff's counsel herein. None of them can be said to repudiate the rule which we established in the Ransom case. We will briefly refer to the cases.

Burlington University v. Barrett, 22 Iowa 60, 92 Am. Dec. 376, and Manchester v. Loomis, supra, were cases which involved written contracts supported by adequate consideration. While testamentary instruments are discussed, the decisions are in no way controlling herein. In Lewis v. Curnutt, 130 Iowa 423, 106 N. W. 914, the instrument relied upon referred to personal property but the action did not involve such provisions. It was an action to quiet title to an eighty-acre farm. We held that the deed was an unconditional conveyance of the farm, the legal effect of which was to create a life estate in the grantor with a remainder in trust. The instrument was quite elaborate. The

decision is in no way controlling here. Goodman v. Andrews, 203 Iowa 979, 213 N. W. 605, involved a deed to real estate, which was put in escrow to be recorded after the death of grantor. We held that the delivery was adequate and that an ineffective attempt to put restraints upon the power of alienation did not render the instrument testamentary. Forney v. Remey, 77 Iowa 549, 42 N. W. 439, and In re Estate of Podhajsky, 137 Iowa 742, 115 N. W. 590, involved instruments which established valid trusts as to specifically described personal property. Tucker v. Tucker, 138 Iowa 344, 116 N. W. 119; Jones v. Nicholas, 151 Iowa 362, 130 N. W. 125; Pyle v. East, 173 Iowa 165, 155 N. W. 283, 3 A. L. R. 885; In re Estate of Fenton, 182 Iowa 346, 165 N. W. 463, and Leedham v. Leedham, 218 Iowa 767, 254 N. W. 61, all involved valid transfers of specifically identified items of personal property. In none of them were the facts analogous to those now before us. The decisions there made are not controlling here.

We are satisfied that the trial court was correct in holding that the instrument relied upon herein was not a valid deed of trust because it conveyed no present interest in decedent's property but was testamentary in character. Count I of the petition as amended was properly dismissed.

III. This brings us to the question whether Count II of the petition as amended states a sufficient basis for reformation of the writing herein. Counsel for plaintiff assert that the court determined that the instrument was one that could be reformed but that grounds therefor were not shown. Accordingly, counsel assume, without citing authority therefor, that this instrument is one that can be reformed by a court of equity. We do not agree with counsel's interpretation of the trial court's ruling herein. But, in any event, if the instrument is not one that can be reformed, we could not reverse the case and order it to be reformed.

In the case of Else v. Kennedy, 67 Iowa 376, 25 N. W. 290, we held that an imperfect voluntary conveyance, which was not supported by a valuable or meritorious consideration, would not be reformed as against the grantor or his representative. While other courts have developed modifications to this rule, the present record does not appear to us to warrant a different holding

herein. In Glenn & Pryce v. Statler, 42 Iowa 107, we held that, where one signed a delivery bond without reading it and without realizing the legal effect thereof, the instrument would not be reformed on the ground of mistake of law in view of his negligence. In Gerald v. Elley, 45 Iowa 322, we also refused to reform a deed on the ground the grantor was mistaken as to the legal effect of the covenants of warranty therein. In Corning v. Grohe, 65 Iowa 328, 21 N. W. 662, we refused to reform a stipulation for the dissolution of a law firm on the ground that one of the former partners was mistaken as to the legal effect thereof for the application of the proceeds from certain notes owned by the partnership. In Floberg v. Peterson, 214 Iowa 1364, 242 N. W. 13, we recognized that a court of equity will reform an instrument where, through a mutual mistake of law, the instrument does not express the intent of the parties. But the facts asserted herein do not bring this case within that rule.

Here the decedent's intention is claimed to have been to make a full and completed gift of all of his property to a trustee for the use and benefit of decedent during his lifetime and to give plaintiff the beneficial interest therein subject to the charges for decedent's support, payment of his debts, and funeral expenses. Decedent executed a writing which it is said was intended to have that effect. It was insufficient because what he actually signed was testamentary in character. After his death it is sought to breathe life into that which never had any legal substance. Plaintiff paid no consideration. There is no basis for the application of any rule based on an estoppel. There is no basis for correcting a manifest injustice or unwarranted hardship. Decedent undertook either to make a gift inter vivos or to make a will and failed to accomplish his purpose. Were this instrument to be reformed for the reasons here asserted, many ineffective attempts to make gifts inter vivos or to execute wills without following the requirements therefor would be capable of having the breath of life given to them after the principal participant was dead. · The requirements for a gift inter vivos or the execution of a valid will are imposed to prevent such an occurrence. Counsel cite no case and we find none which supports so novel a doctrine.—Affirmed.

All JUSTICES concur.