TED R. SCHENCK, plaintiff-appellee, v. GEORGE JACKSON SCHENCK et al., defendants-appellees, and RAY R. DIBEL, cross-petitioner, appellant.

No. 47922.

(Reported in 50 N.W.2d 33)

NOVEMBER 13, 1951.

Camp & Harsh, of Creston, and Cross & Hamill, of Newton, for appellant.

Siegers & Bedell, of Newton, for plaintiff-appellee.

Brierly & McCall, of Newton, for defendant-appellee George Jackson Schenck.

MANTZ, J.—The controversy herein involves the construction and interpretation of a certain deed from John A. Dibel to his wife, Alice, wherein there was a conveyance on a warranty deed form of forty acres. Certain language in the deed was claimed to defeat a conveyance of the fee. A later conveyance by the same grantor was also involved. The court ruled that the conveyance to the wife was a fee simple title subject to a life estate in the grantor and ruled in favor of plaintiff who prayed for the partition and quieting of title. The defendant, Ray R. Dibel, has appealed. The pertinent facts will be set forth in the opinion.

I. Briefly the record shows the following facts:

On April 23, 1914, John A. Dibel, aged sixty-two, a resident of Poweshiek County, Iowa, conveyed to his wife, Alice S. Dibel, by warranty deed, a tract of land described as the "Southeast Quarter (SE¼) of the Southeast Quarter (SE¼) of Section thirty-two (32) in Township seventy-eight (78) North, Range twenty (20) West of the 5th P. M.," Jasper County, Iowa. Immediately after such description there appeared the following: "The fee simple title to said land to vest in the grantee herein at the death of the grantor, and not until his death." Said deed contained the usual covenants of warranty, and to defend against all lawful claims. It recited consideration and right to convey in the grantor. About seven years later the grantor caused the instrument to be recorded. Alice died testate about thirty-five years after said instrument was made. In her will she gave to her husband, J. A. Dibel, a life estate in and to all of her property, with the remainder to be divided one half to her heirs and one half to the heirs of J. A. Dibel. This will was duly probated and J. A. Dibel elected to take under its provisions. On April 1, 1949, and after the death of Alice, John A. Dibel conveyed the above described real estate to Ray R. Dibel, by warranty deed, and same

was duly recorded in the office of the recorder of deeds of Jasper County, Iowa. J. A. Dibel died April 27, 1950. At all times following April 23, 1914, until his death, J. A. Dibel retained possession and occupancy of the land conveyed in 1914. He exercised control, paid the taxes and was generally considered the owner thereof. The defendant-appellant filed a cross-petition wherein he claimed to be the fee owner of the land by reason of the deed to him by J. A. Dibel following the death of Alice Dibel.

It is quite evident that the pivotal question arises over the force and effect of the reservation or proviso following the description in the deed. There would be no room for dispute that without such reservation the instrument would be a straight warranty deed.

While there are some other questions argued, yet we think that the one above set forth is controlling. The trial court held that the deed of April 23, 1914, gave to Alice Dibel a vested remainder in and to the land conveyed subject to the life estate of the grantor. As a matter of fact appellant in pleading refers to the interest of Alice as a vested interest but subject to the limitation set forth in the instrument.

Appellant in his brief states: "The only question raised was and is that of the correct interpretation and legal effect to be given this deed" (the one of 1914 to Alice).

██ ██ II. It is a general rule that in the construction of an instrument such as a deed, consideration is to be given to the intention of the grantor and that the entire instrument is to be considered in the light of the circumstances when made. Shaull v. Shaull, 182 Iowa 770, 166 N.W. 301, 11 A. L. R. 15; Switzer v. Pratt, 237 Iowa 788, 23 N.W.2d 837; Klein v. Klein, 239 Iowa 40, 29 N.W.2d 163; 26 C. J. S., Deeds, section 83, page 324. In 16 Am. Jur., Deeds, section 169, it is said that a court can neither put words into a deed which are not there nor put a construction on the words directly contrary to the plain sense of them. Also, where the instrument is clear and free from ambiguity no construction is necessary. Klein v. Klein, supra. See In re Will of Hagan, 234 Iowa 1001, 14 N.W.2d 638, 152 A. L. R. 1296.

██ III. The deed was made in 1914 and seven years later was recorded by the grantor. According to the authorities the

execution and recording of a deed create a presumption of sufficient delivery and fix the time when the deed became effective. McKemey v. Ketchum, 188 Iowa 1081, 175 N.W. 325; Gould v. Logan, 198 Iowa 935, 200 N.W. 490; Richardson v. Estle, 214 Iowa 1007, 243 N.W. 611; Huxley v. Liess, 226 Iowa 819, 285 N.W. 216; Dyson v. Dyson, 237 Iowa 1285, 25 N.W.2d 259; Klein v. Klein, supra. The same question was before this court in Tutt v. Smith, 201 Iowa 107, 204 N.W. 294, 48 A. L. R. 394. Therein the court stated that there was involved in the delivery of a deed not only the passing of the instrument but the intent to make it effectual. Hogueland v. Arts, 113 Iowa 634, 85 N.W. 818. In Burch v. Nicholson, 157 Iowa 502, 137 N.W. 1066, it is stated that there is a presumption of delivery from the recording of a deed which can only be overcome by clear and satisfactory evidence.

In the case of Saunders v. Saunders, 115 Iowa 275, 276, 88 N.W. 329, 330, there was a contest over the construction of a deed conveying certain property. Said deed contained a provision "sell and convey", recital as to ownership, covenants of title, lawful authority to sell, and warranty to defend against all lawful claims. Immediately after the description of the land conveyed there appears, " "* * * subject, however, to the occupancy and possession of said real estate for and during the natural life of the grantor. The intention being that this deed shall not be in force or take effect until after the death of the grantor herein.' "

Plaintiff claimed the instrument was void as being testamentary in character. This court affirmed the trial court in holding that the instrument was a deed, and held that the recital, "The intention being that this deed shall be of no force and effect for and during the natural life of the grantor" was evidently an attempt to more fully and explicitly set forth the fact that the conveyance was subject to her use and occupancy during life and nothing more.

In the case of Shaull v. Shaull, supra, by the late Justice Stevens, the question involved was whether a deed with a reservation,' " 'This deed to take effect immediately upon the death of both the grantors' ", followed by the usual covenants of warranty of title, was upon delivery to the grantee a present conveyance. Many cases dealing with such or similar provisions in deeds of con-

veyance were set forth and discussed. In that case the court in upholding the conveyance as passing title to the grantee said at page 782 of 182 Iowa, page 305 of 166 N.W.:

"It is evident from the instrument that it was the intention of the grantors that the possession of, and full dominion over, the property was to pass to grantee at the death of grantors, but that title was to vest under the instrument, subject to an implied limitation in their favor. This conclusion is not in conflict with our prior holdings, and is in harmony with the holding in Saunders v. Saunders and Lewis v. Curnutt, supra." (Cited cases are referred to herein.)

The holding in the Shaull case was directly upheld and confirmed in the case of Leonard v. Wren, 184 Iowa 1339, 1340, 169 N.W. 621. In that case there was a deed which had in it a recital, " 'This deed is not to take effect during the lifetime of either of the grantors, but after the death of Thomas Leonard and Mary Leonard, then this deed to vest complete title in Thomas Wren.' "

The claim was made that the instrument was testamentary in character. The court denied such claim and held that it was a deed. See Trustees of Presbyterian Church v. Horel, 235 Iowa 281, 16 N.W.2d 209.

In the case of Lewis v. Curnutt, 130 Iowa 423, 425, 106 N.W. 914, 915, the issue was as to the force and effect to be given to a proviso in a certain trust instrument made contemporaneously with a warranty deed to grantor's property. Grantor in said trust instrument reserved a life estate. Following the description of the property (the same in both instruments) said instrument recites: " 'from and after my death, and not before, to execute, transfer, and convey perfect title to the above real estate * * *.' " One Lewis, sole heir-at-law of the grantor claimed to be the owner of an eighty-acre farm designated in the deed and trust instrument. The trial court found in his favor but on appeal this court reversed the case. Justice Weaver wrote the opinion. Several issues were presented, but the deciding one was as to the force and effect to be given the term " 'from and after my death, and not before,' " as recited in the trust agreement. In a somewhat extended opinion the court held that the deed and the trust instru-

1294

ment were to be construed together and that in both the title was vested in the trustee subject to a life estate in grantor. The court held that as the grantor was under no disability and there being no claim of fraud and the deed being proper form for the convey-ance of title to real estate, the necessary and unavoidable effect of its execution and delivery was to convey the legal title to the property out of the grantor and into the trustee. *"From that moment the grantee held such title either in his own right or in trust for another."* (Page 429.) Further, at page 430, "Upon a fair construction of the writings as a whole, the words 'from and after my death' have no reference to the time when the title or interest shall pass under the deed, but to the time when the trustee shall have authority to take possession * * *. It needs no argument to support the proposition that the owner of land may sever the fee into a life estate and a remainder, and that he may reserve the former to himself." (Page 432.) The force of the holding is that the two instruments conveyed a fee to grantee when delivery was completed.

In the case of Bradley v. Bradley, 185 Iowa 1272, 1274, 171 N.W. 729, 730, the controversy was over a deed which Barnard Bradley made to a brother, Francis Bradley, wherein grantor conveyed to grantee, by warranty deed form, certain real estate in Fremont County, Iowa. Following the description was the wording: " 'The title to this land is not to pass while I live. This deed to be held in escrow at the Shenandoah National Bank, Shenan-doah, Iowa, to be delivered at my death, and is to be in lieu of any charge for my care and support.' " The usual covenants as to ownership, warranty, right to sell and convey, to defend title, etc. were present; also recital of consideration. Following grantor's death, certain heirs of grantor brought suit to quiet title and to set aside the deed of conveyance. The lower court found for defendants and this court affirmed, in an opinion by Justice Weaver. While various questions were raised the court held that the decisive question was: "Is the deed without legal effectiveness because of the provision therein which reads, 'The title to this land is not to pass while I live?' " (Page 1280) Therein are cited cases wherein the conveyance provided that grantee was to have "no interest" as long as grantor lived. The court said that there

was no such provision in the Bradley deed. We quote: "It does provide that the 'title shall not pass' until the death of the grantor, but this is by no means the equivalent of a declaration that the grantee shall have 'no interest' in the property during the life-time of the grantor." (Page 1282) The court held that the grant-ing clauses of the deed, the recital of consideration and the usual covenants of warranty should be given consideration in such an issue.

In the present case there was no question as to the execution and recording of the deed. The deed was dated April 23, 1914. It was recorded on January 17, 1921.

IV.  The language of the deed and the circumstances under which it was made lead to the inference that in making it J. A. Dibel wanted his wife, Alice, to have the property. It is clear on its face that the grantor desired that his wife have the remainder interest subject to his reserved life estate. Under the circumstances it seems clear to us that the proviso in the deed, that the title was not to vest in grantee until the death of grantor, was simply inserted to emphasize the retention of the life estate to grantor. Therefore the filing and recording of the deed on Janu-ary 17, 1921, fixed the date of delivery of said deed and the vest-ing of the remainder interest in the wife, Alice Dibel. There is nothing in the record to indicate any other purpose on the part of grantor as long as his wife was living. When made they were hus-band and wife and had been married for a number of years. The deed and the circumstances of its making were neither unusual nor unnatural. That Dibel wanted his wife taken care of so far as possible goes without saying. We can take notice of this feeling as being his natural desire and impulse. There is nothing in the record to show that Alice Dibel had anything to do with the mak-ing of the deed, or even knew of it. Dibel wanted his wife to have the property and this deed remained unchanged for over thirty-five years and the record does not indicate any move or attempt on the part of grantor to question or change it. The instrument was on a warranty deed form containing the usual covenants of warranty, right to convey and to defend against all lawful claims. It recites consideration as paid, "do hereby sell and convey * * * the following described premises." Alice died testate and in her

will devised to her husband a life estate in all her property real and personal and devised the remainder to her heirs and those of her husband. J. A. Dibel elected to take under the will. After her death, Dibel, a layman, could have concluded that the interest conveyed to her in 1914 reverted to him at her death, and with that in mind he made the warranty deed to Ray R. Dibel, defendant-appellant, on April 1, 1949. While J. A. Dibel may have had such feeling when he conveyed to Ray R. Dibel, still that would not change the legal aspect of the case in so far as the rights of Alice Dibel were concerned. Her rights acquired by such deed could only have been divested by some act upon her part. The record shows nothing to so indicate. It cannot be reasonably inferred that Dibel had any other purpose in putting in the proviso than to secure to himself possession of the property conveyed. To carry out his intent in that particular the entire instrument is given effect. While appellant contends that his intent was otherwise, we think no such limitations can be reasonably implied or inferred. We have herein called attention to the holding in Shaull v. Shaull, supra, at page 782 of 182 Iowa, page 305 of 166 N.W., wherein there was a proviso that the deed was to take effect immediately upon the death of both of the grantors. In the opinion this court said: "It is evident from the instrument that it was the intention of the grantors that the possession of, and full dominion over, the property was to pass to grantee at the death of grantors, but that title was to vest under the instrument, subject to an implied limitation in their favor." Had the grantor, Dibel, wished to make a devise of an estate defeasible, an estate on condition subsequent or a determinable fee, he could have done so in plain and unmistakable language. The trial court so suggested in its rulings. As to the rules governing such estates see 19 Am. Jur., Estates, section 32; also section 63, page 523. On the same matter see Saunders v. Saunders, supra; Leonard v. Wren, supra; Hall v. Hall, 206 Iowa 1, 218 N.W. 35; Browne v. Johnson, 218 Iowa 498, 255 N.W. 862. In the last cited case there was a proviso that said deed should not take effect until the death of grantor. This court held that such clause simply postponed to grantee the enjoyment, use and possession and reserves a life estate in the grantor. In this case, grantee-Alice Dibel could not take posses-

sion while J. A. Dibel was living, but at the same time this was entirely consistent with the claims which appellees make that for close to twenty-five years she was the owner of a vested remainder in the land conveyed.

We hold that the trial court did not err in ruling that under the deed of 1914 Alice Dibel took a fee in remainder in the land conveyed.—Affirmed.

All JUSTICES concur.